Smolensk, J.
 

 This is a declaratory judgment action involving no-fault insurance. Defendant appeals by delayed leave granted from the trial court’s order compelling arbitration of plaintiff’s uninsured motorist claim and of defendant’s claim for reimbursement
 
 *604
 
 of wage-loss benefits allegedly obtained by fraud. We affirm in part, reverse in part, and remand.
 

 Plaintiff was involved in an automobile accident with an uninsured motorist in 1993. After the accident, she submitted to defendant a wage-loss verification form and a letter indicating that she was terminated from her employment on January 20, 1994. Both the form and the letter were ostensibly signed by her employer; however, her employer executed an affidavit in which he denied signing either document and further stated that plaintiff was terminated on December 28, 1993. Defendant subsequently rejected plaintiff’s claim for uninsured motorist benefits under her insurance policy, apparently on the basis of “general policy condition 20,” which provides in part that the entire policy is void if the insured intentionally conceals or misrepresents facts relating to claims made under the policy. Plaintiff filed the present declaratory judgment action seeking arbitration of her uninsured motorist claim under the policy. Defendant filed a two-count counterclaim requesting the return of all monies paid on plaintiff’s wage-loss claim and alleging breach of contract and fraud. Plaintiff moved to compel defendant to arbitrate the uninsured motorist claim and for summary disposition of the counterclaim pursuant to MCR 2.116(C)(8) and (10). The trial court granted plaintiff’s motion for summary disposition, ordered plaintiff’s uninsured motorist claim submitted to arbitration, and further ordered defendant’s fraud claim to be heard at the same arbitration proceeding.
 

 In its first issue on appeal, defendant contends that the trial court erred in granting plaintiff’s motion, because the policy was void under general policy con
 
 *605
 
 dition 20. We disagree with this contention. We review motions for summary disposition de novo.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). Because the trial court relied on evidence beyond the pleadings, we will review the trial court’s order as granted pursuant to MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint.
 
 Maiden v Rozwood,
 
 461 Mich 109, 119; 597 NW2d 817 (1999). “In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion.”
 
 Id.
 
 at 119-120. A trial court may grant a motion under MCR 2.116(C)(10) if the documentary evidence Shows that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law.
 
 Quinto v Cross & Peters Co,
 
 451 Mich 358, 362; 547 NW2d 314 (1996).
 

 While the record does not contain the text of the arbitration clause for the uninsured motorist claim at issue in this case, defendant admits plaintiff’s allegation that she has a right to arbitrate her claim under the uninsured motorist provision of her policy. For the reasons set forth below, we conclude that general condition 20(c) is invalid and, as a result, defendant cannot declare plaintiff’s policy void for violating that condition. The scope of liability coverage for an automobile accident occurring in Michigan is determined by the financial responsibility act, MCL 257.501
 
 et seqr,
 
 MSA 9.2201
 
 et seq. State Farm Mut Automobile Ins Co v Roe (On Rehearing),
 
 226 Mich App 258, 268;
 
 *606
 
 573 NW2d 628 (1997). The act requires a motor vehicle liability policy to provide coverage against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of motor vehicles. MCL 257.520(a)-(b); MSA 9.2220(a)-(b). Under MCL 257.520(f)(1); MSA 9.2220(f)(1), the liability of the insurance carrier with respect to the insurance required by the act becomes absolute after any injury or damage covered by the policy occurs:
 

 (f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:
 

 (1) The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy, and except as hereinafter provided, no fraud, misrepresentation, assumption of liability or other act of the insured in obtaining or retaining such policy, or in adjusting a claim under such policy, and no failure of the insured to give any notice, forward any paper or otherwise cooperate with the insurance carrier, shall constitute a defense as against such judgment creditor.
 

 Here, general policy condition 20 allows defendant to declare the policy void because of plaintiffs misrepresentation in filing claims after an accident occurs, providing as follows:
 

 This entire Policy is void if an insured person has intentionally concealed or misrepresented any material fact or circumstance relating to:
 

 a. this insurance;
 

 
 *607
 
 b. the Application for it;
 

 c.
 
 or any claim made under it.
 
 [Emphasis added.]
 

 We conclude that general policy condition 20(c) is contrary to the financial responsibility act’s provision that “no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy.” MCL 257.520(f)(1); MSA 9.2220(f)(1)- It is well established that an insurer may rescind a no-fault insurance policy and declare it void ab initio if the insured procures the policy through intentional misrepresentation of a material fact in the application for insurance and then seeks to collect no-fault benefits.
 
 Hammoud v Metropolitan Property & Casualty Ins Co,
 
 222 Mich App 485, 488; 563 NW2d 716 (1997). However, this rule does not apply to the facts of this case, in which the insured allegedly filed fraudulent claims under a valid policy. Defendant contends that plaintiff’s violation of general policy condition 20(c) arose from her fraudulent claim for wage-loss benefits, a mandatory coverage under our no-fault insurance system. MCL 257.520(a), (b), (f)(1), and (g); MSA 9.2220(a), (b), (f)(1), and (g), MCL 500.3105; MSA 24.3105, MCL 500.3107; MSA 24.13107. See
 
 Rohlman v Hawkeye-Security Ins Co,
 
 442 Mich 520, 524-525; 502 NW2d 310 (1993) (“pip [personal injury protection] benefits are mandated by statute under the no-fault act, MCL 500.3105; MSA 24.13105”). Because general policy condition 20(c) voids the entire policy and operates to exclude all coverage under the policy, we conclude that the condition is contrary to the financial responsibility act. “Public policy prevents an automobile liability insurance policy from containing exclusions not specifically authorized by the Legislature.”
 
 Integral Ins Co v
 
 
 *608
 

 Maersk Container Service Co, Inc,
 
 206 Mich App 325, 331; 520 NW2d 656 (1994). See also
 
 Husted v Auto-Owners Ins Co,
 
 459 Mich 500, 512; 591 NW2d 642 (1999) (a policy exclusion that conflicts with the mandatory coverage requirements of the no-fault act is void as contrary to public policy). Accordingly, we hold that general policy condition 20(c) is invalid, that defendant cannot declare the policy void, and that the trial court properly granted plaintiffs motion compelling arbitration of her uninsured motorist claim.
 
 [1]
 

 We reject defendant’s contention that the terms of the policy control with respect to plaintiff’s uninsured motorist claim because her claim involves optional coverage. While the terms of the policy dictate the circumstances under which optional coverage, such as plaintiff’s uninsured motorist coverage will be awarded,
 
 Rohlman, supra
 
 at 525, general policy condition 20(c), which operates to exclude all coverage under the policy, is invalid and therefore cannot be part of plaintiff’s policy. Finally, we reject defendant’s contention that Michigan case law supports the proposition that an insurer can void a policy if the insured fraudulently files claims under the policy. The two cases cited by defendant,
 
 Morgan v Cincinnati Ins Co,
 
 411 Mich 267, 276; 307 NW2d 53 (1981), and
 
 Ramon v Farm Bureau Ins Co,
 
 184 Mich App 54, 59; 457 NW2d 90 (1990), are distinguishable from the
 
 *609
 
 present case because neither
 
 Morgan
 
 nor
 
 Ramon
 
 involved no-fault insurance coverage.
 
 [2]
 

 Next, defendant contends that the trial court erroneously ordered its counterclaim to be submitted to arbitration. We agree. The trial court granted plaintiff two separate forms of relief, i.e., it granted plaintiff’s motion for summary disposition of defendant’s counterclaim and also ordered defendant’s counterclaim to be heard at arbitration with the uninsured motorist claim. Regarding the first relief, we conclude that the trial court erred in granting plaintiff’s motion for summary disposition of both counts of defendant’s counterclaim. The trial court properly dismissed defendant’s counterclaim for breach of contract, because that count was based on defendant’s alleged ability to void the policy under general policy condition 20. However, the trial court improperly dismissed defendant’s fraud claim. Common-law fraud consists of the following elements:
 

 (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.
 
 [M & D, Inc v McConkey,
 
 231 Mich App 22, 27; 585 NW2d 33 (1998).]
 

 On the basis of the pleadings and documentary evidence presented here, we conclude that a genuine issue of material fact exists regarding defendant’s
 
 *610
 
 fraud claim. Accordingly, we hold that the trial court erred in granting plaintiffs motion for summary disposition of defendant’s counterclaim for fraud.
 

 We further conclude that the trial court had no basis to submit defendant’s fraud claim to arbitration. “Arbitration is a matter of contract, and a party cannot be forced to submit to arbitration in the absence of an agreement to do so.”
 
 Ehresman v Bultynck & Co, PC,
 
 203 Mich App 350, 353-354; 511 NW2d 724 (1994). The record before us does not contain an agreement between the parties to arbitrate disputes regarding plaintiff’s claims for wage-loss benefits. Because the parties did not agree to arbitrate plaintiff’s wage-loss claim, we hold that the trial court erred in submitting defendant’s counterclaim to arbitration.
 

 Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. On remand, the proceedings shall be limited to defendant’s claim of common-law fraud. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.
 

 [1]
 

 Because the record does not contain a copy of the arbitration clause, we express no opinion regarding whether the trial court’s order compelling arbitration complied with the statutory arbitration provisions set forth in MCL 600.5001-5035; MSA 27A.5001-5035 or MCR 3.602.
 

 [2]
 

 Both
 
 Morgan
 
 and
 
 Ramon
 
 involved claims filed under fire insurance policies. See
 
 Morgan, supra
 
 at 273;
 
 Ramon, supra
 
 at 56.