**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JANUARY 17, 2001**

THISHA COHEN,

    Plaintiff/Counter-
    Defendant/Appellee,

v

No. 116473

AUTO CLUB INSURANCE
ASSOCIATION,

    Defendant/Counter-
    Plaintiff/Appellant.

_____

PER CURIAM

The defendant insurance company sold the plaintiff a policy that included a clause voiding the policy in the event the plaintiff misrepresented a material fact. The insurer later denied coverage on the basis of that clause, but the circuit court and Court of Appeals ruled that the clause was unlawful. We reverse in part the judgments of the circuit court and the Court of Appeals and remand this case to the circuit court.

I

In December 1993, plaintiff Thisha Cohen was involved in

a motor vehicle accident in the city of Detroit.[1] She describes her injuries as "severe and debilitating," and says that they have resulted in "a serious impairment of a body function." She alleges economic and noneconomic damages.

At the time of the accident, Ms. Cohen was insured by defendant Auto Club Insurance Association (ACIA). The driver of the other vehicle was an uninsured motorist.

Ms. Cohen's policy included uninsured motorist coverage, as well as a provision allowing such claims to be submitted to arbitration.[2] However, ACIA refused to provide coverage and refused to participate in arbitration. The basis of ACIA's refusal was its conclusion that Ms. Cohen had submitted false documentation regarding her wage loss.[3]

In denying coverage, ACIA relied on a policy clause that voids the entire policy if the insured misrepresents a material fact relating to a claim. The clause states:

> This entire Policy is void if an insured person has intentionally concealed or misrepresented any material fact or circumstance relating to:

---

[1] Various dates appear in the file. It appears, though, that the accident occurred on December 16, 1993.

[2] The materials at hand do not include the full policy or the page on which its arbitration clause appears. However, there is no dispute that Ms. Cohen's uninsured motorist clause would be arbitrable, absent the present controversy.

[3] The details are not important, but the dispute centers on *when* she left her job, and on whether she left because of a physical inability to perform its duties (entitling her to wage-loss benefits) or was fired for insubordination.

> a.   this insurance;
> b.   the Application for it;
> c.   or any claim made under it.

Faced with ACIA's refusals, Ms. Cohen filed suit in circuit court. She asked for an order compelling ACIA to submit her uninsured motorist claim to arbitration.[4]

In a motion for summary disposition, Ms. Cohen denied any misconduct. For purposes of the motion, she further argued that the alleged misrepresentation should have no bearing on her claim. She said that "no portion of the Uninsured Motorist Claim seeks wage loss benefits" and that she "seeks an uninsured motorist arbitration to ascertain to what pain and suffering damage she is entitled." Thus, "every allegation of fraud is totally irrelevant to the uninsured motorist arbitration." Further, she argued that a no-fault policy can be rescinded only for misrepresentation in the course of *applying* for the policy.

Responding to the motion, ACIA asked that summary disposition be entered in *its* favor. It observed that uninsured motorist coverage is contractual, and is not required by statute. Thus, there is no basis in law for failing to enforce the policy clause.

The circuit court ruled that "the insurance policy can only be void if there's a material misrepresentation in the

---

[4] ACIA filed a counterclaim in which it alleged breach of contract and fraud. It sought an order requiring Ms. Cohen to return insurance benefits that ACIA already had paid to her.

application for no-fault insurance." The court granted summary disposition in favor of Ms. Cohen, and ordered that her uninsured motorist claim be submitted to arbitration.[5]

The Court of Appeals granted leave to appeal,[6] and later issued a judgment in which it affirmed the circuit court order that sent Ms. Cohen's uninsured motorist claim to arbitration.[7] 238 Mich App 602; 606 NW2d 664 (1999).[8]

ACIA has applied to this Court for leave to appeal.

II

This case involves issues concerning the proper interpretation and application of a contract of insurance, and we review such questions de novo. *Morley v Automobile Club of Michigan*, 458 Mich 459, 465; 581 NW2d 237 (1998). It also presents issues of statutory construction, which likewise are reviewed de novo. *Brown v Michigan Health Care Corp*, 463 Mich 368, 374; 617 NW2d 301 (2000).

---

[5] The court also directed that ACIA's counterclaim be heard at the same arbitration.

[6] Unpublished order entered February 17, 1998 (Docket No. 207022).

[7] The Court of Appeals also reversed in part, finding error in the circuit court's decision to order arbitration of ACIA's counterclaim for fraud. The Court of Appeals remanded the case to circuit court for further proceedings with regard to the counterclaim.

[8] Reh den, unpublished order entered February 16, 2000 (Docket No. 207022).

The Court of Appeals affirmed on the authority of MCL 257.520(f)(1); MSA 9.2220(f)(1), which provides in part that "[e]very motor vehicle liability policy shall be subject to the following provisions":

> The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy, and except as hereinafter provided, no fraud, misrepresentation, assumption of liability or other act of the insured in obtaining or retaining such policy, or in adjusting a claim under such policy, and no failure of the insured to give any notice, forward any paper or otherwise cooperate with the insurance carrier, shall constitute a defense as against such judgment creditor.

The Court of Appeals concluded that the disputed clause of the policy violated the statutory mandate that "no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy." MCL 257.520(f)(1); MSA 9.2220(f)(1). Acknowledging that an insurer can declare a policy void ab initio if the insured *obtains* the policy through intentional misrepresentation of a material fact in the application process, the Court of Appeals contrasted the present case, in which the policy was obtained without initial untruth. 238 Mich App 607.

5

As indicated, MCL 257.520(f)(1); MSA 9.2220(f)(1) states requirements for a "motor vehicle liability policy." However, the analysis of the Court of Appeals omits MCL 257.520(g); MSA 9.2220(g), which limits that crucial term:

> Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this chapter. *With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section."* [Emphasis supplied.]

That concluding phrase ("the coverage which is required by this section") means a policy of liability insurance as specified in the earlier subsections of MCL 257.520; MSA 9.2220.

The effect of MCL 257.520(g); MSA 9.2220(g), therefore, is to render MCL 257.520(f)(1); MSA 9.2220(f)(1), upon which the Court of Appeals relied, inapplicable to the present case. Ms. Cohen seeks arbitration of her uninsured motorist claim, which all agree is optional coverage not required by statute.[9] Because the term "motor vehicle liability policy" does not apply to that portion of her ACIA policy, MCL 257.520(f)(1); MSA 9.2220(f)(1), has no bearing on this matter.

---

[9] *Morley*, 458 Mich 461.

6

IV

The Court of Appeals also noted that wage-loss benefits are an element of "personal protection insurance" (PIP or first-party) benefits, and must be included in any no-fault policy. MCL 500.3105, 500.3107; MSA 24.3105, 24.13107. *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993). The Court cited *Husted v Auto-Owners Ins Co*, 459 Mich 500, 512; 591 NW2d 642 (1999), where we explained that "a policy exclusion that conflicts with the mandatory coverage requirements of the no-fault act is void as contrary to public policy." 238 Mich App 607-608.

Continuing, the Court of Appeals rejected ACIA's argument that, because uninsured-motorist coverage is optional, the disputed clause can be effective in that context. In this regard, the Court observed that the disputed clause voided *all* coverages, including those that are not optional. 238 Mich App 608.

The Legislature requires a Michigan motorist to maintain a no-fault policy that includes certain elements mandated by law. Those required coverages are the bedrock of the no-fault system and, as we have held on many occasions, are not subject to removal by policy language that conflicts with the statute. Once again, however, we observe that the present case concerns uninsured-motorist coverage that is *not* required by statute.

In this regard, it is instructive to consider the full paragraph of *Husted*, from which the previously quoted sentence

7

is drawn:

> [T]he language of the no-fault act indicates that it does not require residual liability insurance to cover an insured's *operation* of *any* vehicle. In other words, such coverage is not mandatory under the no-fault act. This Court has indicated that a policy exclusion that conflicts with the mandatory coverage requirements of the no-fault act is void as contrary to public policy. *Citizens Ins Co of America v Federated Mut Ins Co*, 448 Mich 225, 232; 531 NW2d 138 (1995). However, because the no-fault act does not mandate residual liability coverage for an insured's operation of any vehicle, it would not void an otherwise valid and unambiguous exclusion, like the business-use exclusion at issue here. [459 Mich 511-512 (emphasis in original).]

In the present case, we believe that the proper application of these principles is evident. Ms. Cohen seeks uninsured-motorist benefits. ACIA denied those benefits under a clause that, if applicable to this case, voids the entire policy. Mindful of the great protection that the Legislature and this Court have provided for the no-fault benefits required by statute, we need not decide today the full extent to which the disputed clause, if applicable, could void the policy. We need only decide whether it can void uninsured-motorist coverage. It can. A contractual provision that plainly governs the facts alleged to exist in this case is enforceable to the extent that it is not contrary to law. *Citizens Ins Co of America v Federated Mut Ins Co*, 448 Mich 225, 234; 531 NW2d 138 (1995).[10]

---

[10] *Citizens* concerned the allocation of responsibility between a car rental company and its customer. With regard to that issue, *Citizens* is now controlled by *State Farm Mut*

V

For these reasons, we reverse in part the judgments of the circuit court and the Court of Appeals,[11] and we remand this case to the circuit court for further proceedings that are consistent with this opinion. MCR 7.302(F)(1).

**CORRIGAN, C.J.,** and **CAVANAGH, WEAVER, KELLY, TAYLOR,** and **MARKMAN, JJ.,** concurred.

**YOUNG, J., took no part in the decision of this case.**

---

*Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25; 549 NW2d 345 (1996).

[11] We "reverse in part" because the second question in this case——whether ACIA's counterclaim should be sent to arbitration——is not before us.