*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MASSAGE BLISS, INC.,

       Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

       Defendant-Appellee.

UNPUBLISHED
May 19, 2022

No. 356445
Ingham Circuit Court
LC No. 20-000512-CB

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Massage Bliss, Inc., appeals by right the trial court's order granting summary disposition in favor of defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau), under MCR 2.116(C)(8). We affirm.

Plaintiff operates a spa and salon. Its business operations were effectively shuttered, greatly restricted, or substantially diminished for a period of time pursuant to executive orders issued by the Governor in response to the COVID-19 pandemic.[1] Plaintiff carried a commercial business insurance policy issued by Farm Bureau and sought to recover losses caused by the disruption in business that resulted from the COVID-19 pandemic and the associated executive orders. More specifically, plaintiff contended that the disruption of business triggered the applicability of provisions regarding civil-authority coverage and business-loss coverage contained in the insurance policy. In relevant part, the civil-authority provision is generally implicated when there is an actual loss of business income "due to direct physical loss of or damage to property," other than the premises described in the declarations page, when caused by a "peril not otherwise excluded under this policy." With respect to the business-loss provision, it

---

[1] See *In re Certified Questions from the United States Dist Court, Western Dist of Mich, Southern Div*, 506 Mich 332; 958 NW2d 1 (2020), and *The Gym 24/7, LLC v Michigan*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 355148), for a general discussion regarding the COVID-19 pandemic and the Governor's executive orders issued in response to the pandemic.

essentially provides coverage for lost income and expenses resulting from a peril that causes direct physical loss or does direct damage to buildings and personal property. On Farm Bureau's motion for summary disposition, the trial court ruled that plaintiff failed to state a cause of action under MCR 2.116(C)(8). This appeal ensued.

On appeal, plaintiff argues that the trial court erred by granting summary disposition to Farm Bureau with respect to the civil-authority provision of the insurance policy because plaintiff stated a claim upon which relief could be granted. Plaintiff contends that the infestation of covered property by microscopic particles harmful to human health, e.g., viral particles that cause COVID-19, constitutes direct physical loss or damage. Plaintiff further maintains that its claim of coverage under the business-loss provision was adequately stated because it alleged that COVID-19 resulted in a direct physical loss to its property by the virus's physical presence on or at its property. Plaintiff asserts that the trial court did not apply the proper standard for purposes of MCR 2.116(C)(8) when it failed to accept all of the allegations in plaintiff's complaint as true. Finally, plaintiff argues that assuming that the trial court did not err in its ruling, the court erred by denying plaintiff the opportunity to amend its complaint pursuant to MCR 2.116(I)(5). Plaintiff claims that an amendment would not have been futile.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We also review de novo the interpretation and application of an insurance policy. *Cohen v Auto Club Ins Ass'n*, 463 Mich 525, 528; 620 NW2d 840 (2001). This Court reviews for an abuse of discretion a trial court's ruling on a motion to amend a complaint. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). MCR 2.116(C)(8) provides for summary disposition when a "party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). In rendering a decision under MCR 2.116(C)(8), a trial court may only consider the pleadings. *Id*. The trial court is required to accept as true all of the factual allegations in the complaint. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380-381; 563 NW2d 23 (1997). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie*, 465 Mich at 130. In ascertaining the meaning of a contract, such as an insurance policy, this Court gives the words used in the contract their plain and ordinary meaning, as would be apparent to a reader of the instrument. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). A fundamental tenet of Michigan jurisprudence is that an unambiguous contract is not open to judicial construction and must be enforced as written, thereby respecting the freedom of individuals to arrange their affairs by contract. *Id.* at 468.

In February 2022, this Court in *Gavrilides Mgt Co, LLC v Mich Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 354418), addressed and rejected a nearly identical lawsuit brought against an insurer, with the panel examining civil-authority and business-loss provisions that provided coverage for direct physical loss of or damage to property. We agree with the decision in *Gavrilides Mgt*, and on the basis of the reasoning and analysis set forth by this Court in that case, we affirm the trial court's order granting summary disposition in favor of Farm Bureau. Indeed, *Gavrilides Mgt* is binding precedent that we must follow. MCR 7.215(J)(1). We find especially compelling the following observation by the Court:

Importantly, the Executive Orders applied to all businesses without regard to whether a single viral particle could be found within. Plaintiffs' restaurants were unambiguously closed by impersonal operation of a general law, not because anything about or inside the particular premises at issue had physically changed. [*Gavrilides Mgt*, ___ Mich App at ___; slip op at 7.]

The Court noted that the executive orders were applicable "statewide and without regard to actual contamination of premises[,]" and "[c]onsequently, moving to a new location would not have permitted plaintiffs' restaurants to reopen . . . [and] no repair, reconstruction, or replacement of the premises would have permitted plaintiffs' restaurants to reopen." *Id.* at ___; slip op at 8.

Plaintiff argues that direct physical loss of property is distinguishable from direct damage to property under the insurance policy, either of which can suffice to support a claim, and that direct physical loss of property can encompass a situation where the property owner is deprived or dispossessed of property even without physical damage to the property. To the extent that this precise issue was not addressed or subsumed by the analysis in *Gavrilides Mgt*, we do not find plaintiff's argument persuasive. Assuming the validity of the premise of plaintiff's contention, we find that there was no allegation or indication that plaintiff was actually deprived or dispossessed of the property. In fact, plaintiff, along with many Michigan businesses, were merely limited or restricted in the use of the property; there was no direct physical loss of the property.

Plaintiff also appears to contend that viral particles that cause COVID-19 infested the property or that asymptomatic customers carrying the virus patronized the salon and spa, and that business losses occurred because of the infestation and/or patronage, where customers stayed clear of the business in light of concerns about viral contamination of surfaces and asymptomatic carriers of the virus. Stated otherwise, there were business losses regardless of the executive orders because people stayed away from the business out of fear of getting COVID-19. In our view, such a position would require allegations and evidence demonstrating that the virus was in fact present on surfaces at plaintiff's business or that customers were actually infected with the virus and that there were prospective customers that chose not to patronize the business specifically because of those infested surfaces and infected customers. With respect to this theory, we find no supporting allegations in plaintiff's complaint, and even if the allegations had been sufficiently stated, the theory would clearly be so speculative that it could not survive summary disposition.[2] To the extent that plaintiff's position is that the virus, by sheer statistical probability, had to have been present at the salon and spa and thus there was necessarily damage to the property, we again note that plaintiff still needed to adequately allege the specific nature of the damage and that the purported contamination caused specific business losses. The allegations lack such specificity. We also note that the insurance policy contained an exclusion precluding coverage for "contamination" damages. In sum, we conclude that plaintiff failed to state a claim on which relief could be granted, MCR 2.116(C)(8).

---

[2] "[S]peculation is insufficient to create an issue of fact." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 282; 807 NW2d 407 (2011).

With respect to an amendment of the complaint, MCR 2.116(I)(5) provides that "[i]f the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." "[A]n amendment is not justified if it would be futile." *Liggett Restaurant Group, Inc v Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2003).

Plaintiff argues that it was plaintiff's intention to allege, and it believed that it had in fact alleged, that there was "the presence of COVID-19 at its property." Plaintiff maintains that the trial court should have permitted plaintiff to amend its complaint to add allegations that the virus that causes COVID-19 was present at the spa and salon. As explained above, simply alleging that the virus was present at the business is insufficient to state a claim for coverage under the insurance policy. Accordingly, plaintiff has failed to show that an amendment of the complaint would not be futile. Therefore, we uphold the trial court's ruling denying plaintiff's request to amend the complaint.

We affirm. Having fully prevailed on appeal, Farm Bureau may tax costs under MCR 7.219.

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien