TBCI, PC v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 288853. Submitted April 6, 2010, at Detroit. Decided April 27, 2010. Approved for publication June 22, 2010, at 9:10 a.m.

TBCI, P.C., brought an action in the Oakland Circuit Court against State Farm Mutual Automobile Insurance Company, seeking payment under the no-fault motor vehicle insurance act, MCL 500.3101 *et seq.*, for health-care services allegedly provided to Eric Afful, State Farm's insured, following an automobile accident. State Farm had refused to pay benefits, contending that Afful had submitted fraudulent claims for the services. Afful had also brought a separate action in the Wayne Circuit Court against State Farm after State Farm denied his claims for the services. Following a jury trial in the Wayne Circuit Court action, the Wayne Circuit Court entered a judgment of no cause of action against Afful, consistent with the jury's determination that Afful's claim for benefits was fraudulent. State Farm then moved for summary disposition in the Oakland Circuit Court action, arguing that the judgment in the Wayne Circuit Court action barred the action by TBCI under the doctrine of res judicata. The trial court, Daniel P. O'Brien, J., agreed with State Farm and granted it summary disposition, dismissing the action. TBCI appealed.

The Court of Appeals *held*:

Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. It is applicable when the first action was decided on its merits, the second action was or could have been resolved in the first action, and both actions involved the same parties or their privies. The judgment in the first case must have been final for the doctrine to apply. There is no dispute that the judgment by the Wayne Circuit Court was a final judgment on the merits and that the claims of TBCI were, or could have been, resolved in that first lawsuit. The essential evidence presented in the first action sustained the dismissal of both actions. TBCI, although not a party to the first case, was in privity with Afful. A privy of a party includes a person so identified in interest with another that he or she represents the same legal right. The Oakland Circuit Court properly dismissed TBCI's suit.

Affirmed.

*Ihrie O'Brien* (by *Harold A. Perakis*) for plaintiff.

*Hewson & Van Hellemont, P.C.* (by *James F. Hewson* and *Mark R. Richard*) (*Steven G. Silverman*, of counsel), for defendant.

Before: JANSEN, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM. In this case brought under the no-fault motor vehicle insurance act, MCL 500.3101 *et seq.*, plaintiff, TBCI, P.C., a health-care provider, appeals as of right the trial court's order dismissing its complaint that sought to recover first-party benefits. We affirm.

## I. BASIC FACTS

On February 6, 2006, Eric Afful was allegedly injured in an automobile accident. As a result, Afful claimed to have received attendant-care services as well as other medical treatment. However, Afful's no-fault insurer, defendant, State Farm Mutual Automobile Insurance Company, refused to pay Afful's claims for the services, contending the claims he submitted were fraudulent. Thus, Afful sued defendant in a separate litigation in the Wayne Circuit Court.[1] The case went to trial and, on May 15, 2008, the jury found that Afful's claim for attendant-care benefits was fraudulent. This barred coverage for Afful's claim under the exclusionary clause of the policy. The relevant provision stated:

> There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

---

[1] *Afful v State Farm Mut Auto Ins Co*, unpublished judgment of the Wayne Circuit Court, entered June 3, 2008 (Docket No. 06-630073-NF).

Accordingly, a judgment of no cause of action was entered against Afful on June 3, 2008.

Plaintiff also allegedly provided Afful with therapeutic and rehabilitative services for his injuries from the accident. Defendant also refused to pay for these services, and plaintiff brought the present suit against defendant for payment. Specifically, plaintiff alleged that defendant owed it approximately $35,000 for the services plaintiff had provided Afful. Plaintiff's complaint, filed in February 2007, alleged that defendant had breached the insurance policy and that its failure to pay the claim had violated the no-fault act. At the time of the trial in the Wayne Circuit Court, the present matter was pending in the Oakland Circuit Court.

After the judgment was entered in the Wayne Circuit Court case, defendant in the present matter moved for summary disposition. It argued that the Wayne Circuit Court's judgment barred plaintiff's claim under the doctrine of res judicata. Defendant contended that once the jury found that Afful had committed fraud, there was no longer any coverage under the policy and, consequently, plaintiff's claim failed. Plaintiff responded, in part, that the present claim was "an independent cause of action" involving a claim for services that "was not adjudicated in the Wayne County action." The trial court agreed with defendant, finding that the core issue—whether there was coverage for Afful's claims—was common between the two suits and that the decision of the jury in the Wayne Circuit Court action, combined with the clear language of the policy, decided the issue in defendant's favor. The court reasoned:

> [T]here is one issue that is identical between this and the Wayne County case, to-wit whether there is valid coverage by the defendant for the alleged insured.

Looking at the—looking at the language, not having to go to contract construction or anything else, but just using the English language there is no coverage under this policy if you have made false statements in connection with any claim under this policy.

* * *

If an insured's conduct is thus or so, or specifically fraudulent, the whole coverage is spoiled . . . .

* * *

I find that there is no question whatsoever but that the jury declaration or adjudication in Wayne County navigates the course of this proceedings [sic], any fraud spoils the coverage . . . .

Thus, the trial court granted summary disposition for defendant and dismissed the action. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Further, questions concerning the correct interpretation and application of an insurance contract are reviewed de novo, *Cohen v Auto Club Ins Ass'n*, 463 Mich 525, 528; 620 NW2d 840 (2001), as are questions concerning a trial court's decision on the applicability of res judicata, *Begin v Mich Bell Tel Co*, 284 Mich App 581, 598; 773 NW2d 271 (2009).

## III. ANALYSIS

Plaintiff argues that the trial court erred by interpreting the policy's exclusionary language in such a way

that it voided all coverage under the policy, including mandatory coverage for personal protection insurance benefits. In plaintiff's view, this interpretation of the policy conflicted with the no-fault act's mandatory-coverage requirement, and it should have been declared void as against public policy. Plaintiff also contends that the language of the provision is ambiguous. We disagree. In our opinion, it is unnecessary for us to reach the substance of plaintiff's arguments because its claim was barred by res judicata.

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Id.* at 599. Accordingly, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). It is applicable when "the first action was decided on its merits, the second action was or could have been resolved in the first action, and both actions involve the same parties or their privies." *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 376; 652 NW2d 474 (2002) (citation omitted). For the doctrine to apply, the judgment in the first case must have been final. *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2006).

Here, there is no serious dispute whether the judgment in the first case was a final judgment on the merits. The jury determined that Afful had submitted a fraudulent claim for benefits, and a judgment pursuant to the verdict was entered on June 3, 2008. Further, there is no question whether plaintiff's claims were, or could have been, resolved in the first lawsuit. This is because the essential evidence presented in the first

case sustained dismissal of both actions. See *Eaton Co Rd Comm'rs*, 205 Mich App at 375. Plaintiff, by seeking coverage under the policy, is now essentially standing in the shoes of Afful. Being in such a position, there is also no question that plaintiff, although not a party to the first case, was a "privy" of Afful. "A privy of a party includes a person so identified in interest with another that he represents the same legal right . . . ." *Begin*, 284 Mich App at 599. As noted, the jury determined that Afful submitted a fraudulent claim. The result under the plain language of the exclusion provision inter- preted in the first action is that Afful and his privies were not entitled to coverage under the policy. Plaintiff is simply attempting to relitigate precisely the same issue in order to obtain coverage under the policy. The trial court properly dismissed plaintiff's suit to the extent that it found its claim was barred by res judicata. For this reason, plaintiff's claim of appeal fails.

Affirmed.