# STATE OF MICHIGAN

# COURT OF APPEALS

VHS HURON VALLEY SINAI HOSPITAL,
doing business as DMC SURGERY HOSPITAL,

UNPUBLISHED
October 13, 2016

Plaintiff-Appellee,

v

No. 328005
Wayne Circuit Court
LC No. 14-009084-NF

SENTINEL INSURANCE COMPANY,

Defendant-Appellant.

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's stipulated order for dismissal and consent judgment and the court's denial of defendant's motion for summary disposition brought under MCR 2.116(C)(7). On appeal, defendant claims that the trial court erred in deciding that res judicata did not bar plaintiff's cause of action for no-fault personal injury protection (PIP) benefits. We affirm.

On June 25, 2013, Charles Hendon, Jr. was involved in a motor vehicle accident when his vehicle was allegedly rear-ended by an unidentified hit and run driver, causing bodily injury. Defendant Sentinel Insurance Company is Hendon's insurer. From August 1, 2013, through October 7, 2013, plaintiff VHS Huron Valley-Sinai Hospital, doing business as DMC Surgery Hospital, provided medical services to Hendon for his care, recovery, and rehabilitation related to his injuries sustained in the automobile accident, at a cost totaling $68,569.

On September 9, 2013, Hendon commenced a cause of action against Sentinel asserting a claim for uninsured motorist benefits under his insurance policy and alleging negligence on the part of the unidentified hit and run driver involved in the accident.[1] Hendon did not assert a claim for no-fault PIP benefits as part of his lawsuit. Thereafter, on July 15, 2014, DMC,

---

[1] Uninsured motorist insurance "permits an injured motorist to obtain coverage from his or her own insurance company to the extent that a third-party claim would be permitted against the . . . at-fault driver." *Nickola v MIC Gen Ins Co*, 312 Mich App 374, 387; 878 NW2d 480 (2015), quoting *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005).

plaintiff in the instant case, commenced a cause of action against Sentinel asserting a claim for no-fault PIP benefits for the medical services DMC provided to Hendon for injuries arising out of the accident. On October 21, 2014, Hendon and Sentinel settled Hendon's lawsuit seeking uninsured motorist benefits for $1,500 and, on October 29, 2014, that suit was dismissed, with prejudice, per stipulation of the parties.

After settling Hendon's case, Sentinel sought summary disposition of DMC's action for PIP benefits under MCR 2.116(C)(7), asserting that it was barred by res judicata. The trial court denied Sentinel's motion, concluding that res judicata did not bar DMC's claim because it could not have been resolved in Hendon's earlier action for uninsured motorist benefits given the dissimilarity in the two claims. The court then entered a stipulated order for dismissal and consent agreement, which closed the case but allowed Sentinel to appeal as of right the court's denial of its motion for summary disposition.[2] Sentinel appeals.

We review de novo a decision on a motion for summary disposition. *Adam v Bell*, 311 Mich App 528, 530; 879 NW2d 879 (2015); *Mich Head & Spine Inst, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442, 446; 830 NW2d 781 (2013). When reviewing a motion under MCR 2.116(C)(7), we "must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Mich Head & Spine*, 299 Mich App at 446-447. Further, "whether the doctrine of res judicata bars a claim, is a question of law we review de novo." *Adam*, 311 Mich App at 530.

Sentinel claims that the trial court erred in determining that res judicata does not bar DMC's claim for PIP benefits and denying its motion for summary disposition under MCR 2.116(C)(7). We disagree.

"In Michigan, the doctrine of res judicata is applied broadly to bar 'not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.' " *Adam*, 311 Mich App at 531, quoting *Adair v Michigan* 470 Mich 105, 121; 680 NW2d 386 (2004). "Specifically, the doctrine of res judicata is a judicially created doctrine that serves to relieve parties of the cost and aggravation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions." *Adam*, 311 Mich App at 531. "Importantly, res judicata is intended to 'promote fairness, not lighten the loads of the state court by precluding suits whenever possible.'" *Id.*, quoting *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 383; 596 NW2d 153 (1999).

"The doctrine of res judicata bars a subsequent action when '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, (3) the matter in the second case was, or could have been, resolved in the first.'" *Adam*, 311 Mich App at 532,

---

[2] As part of the stipulated order of dismissal, the parties agreed that DMC would be entitled to $61,712.18, plus interest, if Sentinel's position regarding res judicata is ultimately rejected by the Michigan Court of Appeals or the Supreme Court.

quoting *Adair*, 470 Mich at 121. "In addition, the prior action must also have resulted in a final decision." *Adam*, 311 Mich App at 532.

Considering the first element, the earlier action in this case was decided on the merits and resulted in a final decision. *Id.* Hendon's earlier action for uninsured motorist benefits was dismissed, with prejudice, pursuant to a stipulated order of dismissal. "[A] voluntary dismissal with prejudice acts as an adjudication on the merits for purposes of res judicata." *Id.* Thus, the first element of res judicata was met.[3]

Regarding the second element, we disagree with the trial court that both actions involve the same parties or their privies. "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 421; 733 NW2d 755 (2007), quoting *Adair*, 470 Mich at 122. Further, "[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v Rogers*, 229 Mich App 547, 553-554; 582 NW2d 852 (1998) (quotations marks and citations omitted). "In its broadest sense, privity has been defined as 'mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right.' " *Id.* at 553, quoting *Sloan v Madison Heights,* 425 Mich 288, 295-296; 389 NW2d 418 (1986) (citation omitted).

The trial court, relying on *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010), found that DMC was in privity with Hendon. In *TBCI*, the injured party initially brought a cause of action against State Farm, his automobile insurer, for non-payment of his no-fault PIP claims, for which the jury returned a verdict of no cause of action. *Id.* at 41. Thereafter, the insured's medical provider, the plaintiff, brought a direct cause of action against the insurer for medical services provided to the injured party. *Id.* The trial court held that res judicata barred the plaintiff's claim against the insurer for medical services. *Id.* This Court affirmed, stating:

> Plaintiff, by seeking coverage under the policy, is now essentially standing in the shoes of [the insured]. Being in such a position, there is also no question that plaintiff, although not a party to the first case, was a "privy" of [the insured]. A privy of a party includes a person so identified in interest with another that he represents the same legal right. . . . [*Id.* (citation omitted).]

---

[3] We reject the trial court's conclusion that this element was not met because both cases were pending at the time of the settlement. We disagree that MCR 2.116(C)(7) requires this result, and note that many cases before this Court have held that res judicata applies to cases that were pending at the same time. See *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39; 795 NW2d 229 (2010).

-3-

We agree that, under *TBCI*, Hendon, as the insured, and DMC, as his medical provider, had substantially identical interests in the recovery of no-fault PIP benefits from Sentinel, as the insurer, for the reasonable and necessary medical services rendered to Hendon for his accidental bodily injury arising out of the motor vehicle accident. *Phinisee*, 229 Mich App at 553-554; MCL 500.3105(2); MCL 500.3107. However, unlike in *TBCI*, Hendon did not assert a claim regarding the non-payment of PIP benefits under the no-fault act in his earlier action. Instead, Hendon asserted only a claim for uninsured motorist benefits, which "'permits an injured motorist to obtain coverage from his or her own insurance company to the extent that a third-party claim would be permitted against the . . . at-fault driver.'" *Nickola v MIC Gen Ins Co*, 312 Mich App 374, 387; 878 NW2d 480 (2015), quoting *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). DMC, as the medical provider of no-fault PIP benefits, had no interest or right in the uninsured motorist benefits sought during Hendon's earlier litigation.

Accordingly, DMC and Hendon did not share a substantial identity of interest in the uninsured motorist benefits, *Adair*, 470 Mich at 122, nor did DMC have a mutual or successive relationship in those benefits, *Sloan,* 425 Mich at 295-296. As such, DMC's interest in the recovery of PIP benefits differs significantly from Hendon's interest in the uninsured motorist benefits, such that DMC's interest and/or right in the recovery of PIP benefits would not have been represented or protected during Hendon's earlier litigation. *Washington*, 478 Mich at 421, quoting *Adair*, 470 Mich at 122 ("To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert."); see also *Phinisee*, 229 Mich App at 553-554 ("Privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.") (quotations and citations omitted). In contrast, in *TBCI*, 289 Mich App at 44, relied upon by the trial court, the insured's initial cause of action and the medical provider's subsequent action both involved the entitlement to PIP benefits, and thus, the medical provider's interests would have been presented and protected by the insured's prior litigation.

There is also no evidence of "a working or functional relationship" between DMC and Hendon in which Hendon, in his lawsuit for uninsured motorist benefits, represented or protected DMC's legal interest or right to recovery of PIP benefits for the medical services provided to him. *Phinisee*, 229 Mich App at 553-554. To the contrary, because Hendon's lawsuit involved only his right to uninsured motorist benefits, Hendon had no motivation in the earlier litigation to protect DMC's interest or right in recovering PIP benefits for the medical services it rendered to Hendon. There is also no evidence that DMC actually participated in Hendon's earlier litigation at all. In fact, Hendon's settlement in the earlier litigation for only $1,500, without addressing the PIP benefits totaling over $68,000, and agreeing to release Sentinel from "all actions and claims arising by reason of any damage, loss or injury which may be traced either directly or indirectly to the incident," indicates that DMC's interest and/or right in the recovery of PIP benefits was likely not represented or protected during the earlier litigation. *Id*. Under these circumstances, the purpose of the same party requirement—to ensure that the interests of the parties absent from the prior litigation were adequately protected—is not met here. *Id*. Thus, we must conclude that Hendon and DMC were not in privity with one another for purposes of res judicata.

Due to our disposition on the second element, it is unnecessary for us to address the final element.  Because Hendon and DMC were not in privity with one another, res judicata could not operate to bar DMC's action for recovery of no-fault PIP benefits against Sentinel.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien