# STATE OF MICHIGAN

# COURT OF APPEALS

OAKWOOD HEALTHCARE, INC.,

        Plaintiff,

and

MICHIGAN BIOTECH PARTNERS, LLC,

        Intervening Plaintiff,

v

HARTFORD INSURANCE COMPANY OF THE
MIDWEST,

        Defendant/Third-Party
        Plaintiff/Cross-Defendant-
        Appellant,

and

KASSEM KOUBISE,

        Defendant/Cross-Plaintiff-Appellee,

and

ALI KOUBISE, and KOUBISE
CONSTRUCTION, INC.,

        Third-Party Defendants/Third-Party
        Plaintiffs-Appellees,

and

UNPUBLISHED
November 22, 2016

No.  328162
Wayne Circuit Court
LC No. 13-009820-NF

-1-

NESSREAN SAAD, also known as NATALIE
SAAD, and HYDRA INVESTMENTS, LLC,
doing business as GLOBAL INSURANCE
AGENCY,

        Third-Party Defendants.

---

RELIEF PHYSICAL THERAPY & REHAB,
INC., and CITY 2 CITY TRANSPORTATION,

        Plaintiffs,

v

HARTFORD INSURANCE COMPANY OF THE
MIDWEST,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

ALI KOUBISE, and KOUBISE
CONSTRUCTION, INC.,

        Third-Party Defendants-Appellees.

No. 328265
Wayne Circuit Court
LC No. 13-013849-NF

---

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this first-party no-fault insurance case, Hartford Insurance Company of the Midwest (Hartford) appeals as of right an order denying its motion for summary disposition premised on the ground that it was entitled to rescind a commercial automobile insurance policy procured by fraud. We reverse and remand for entry of an order granting Hartford's motion for summary disposition and vacating the judgment in plaintiffs' favor.

Kassem Koubise was injured in a car accident that occurred in the parking lot of his school while driving a 2005 Hyundai Accent that was titled and registered in his own name. The vehicle was insured under a commercial policy issued by Hartford to Koubise Construction, Inc., which was procured by Ali Koubise though Nessrean Saad at Global Insurance Agency. Ali is Koubise Construction's owner and Kassem's father. Kassem was neither identified as an employee of the business nor as a driver of any of the insured vehicles in the commercial insurance application. The application for insurance stated:

**I have reported all drivers that are involved in the daily operation of the business and understand that drivers not listed on the policy may or may not be covered in the event of a claim**

**The information contained in this application was furnished by me (the insured) and was used for underwriting purposes and for the premium calculation**

**By signing the application, I attest that I have reviewed the information on the application, which was provided by me (the insured) and agree to purchase this policy.

Under the words "acknowledged and accepted by," Ali signed the application.

Subsequently, Kassem and his medical providers sued Hartford seeking payment of Kassem's first-party no-fault benefits, and Hartford filed third-party complaints against Ali and Koubise Construction. Hartford denied liability for Kassem's benefits, asserting that material misrepresentations were made in the commercial insurance application that were relied upon and affected the risk it accepted; thus, it was entitled to rescind the policy and declare it void *ab initio* because it had been procured by fraud. Similarly, Hartford argued that Kassem and his medical providers were not protected from its rescission defense under the innocent third-party rule because the abrogation of that rule in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), extended to first-party no-fault claims.

Eventually, Hartford filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) regarding all claims filed against it, asserting those same two arguments for denying liability: it was entitled to rescind the insurance policy and rescission was not prohibited by the innocent third-party rule. Hartford noted, again, that it issued a commercial insurance policy on a vehicle that was reportedly being used for the business purposes of Koubise Construction; it did not issue a personal no-fault policy for a high risk teenage driver who was driving his personal vehicle. In a written opinion denying Hartford's motion for summary disposition, the trial court agreed with Hartford that Ali intentionally made material misrepresentations regarding the ownership and use of the Hyundai, which substantially affected the risk accepted by Hartford when it issued the commercial policy to Koubise Construction. Nevertheless, the trial court concluded, Kassem was entitled to first-party no-fault insurance benefits because he was an innocent third-party with respect to those misrepresentations. The court observed that the innocent third-party rule was well-settled in Michigan law and prohibited an insurer from rescinding a policy based on fraud when the claim involved an innocent third-party. It reasoned that *Hyten*'s abrogation of the innocent third-party rule was limited to the factual circumstances surrounding that case, i.e., an insurer's attempt in a third-party case to reduce the excess liability coverage available to an innocent third-party where the underlying policy was procured by fraud. Concluding that the overwhelming majority of caselaw does not allow rescission of a policy where first-party no-fault benefits are sought by an innocent third-party, the court denied Hartford's motion for summary disposition.

Thereafter, the parties entered a stipulated order for dismissal and consent judgment, which noted that Hartford intended to appeal the court's denial of its summary disposition motion and observed that there were several cases already pending before Michigan's appellate courts that related to the alleged rights of "innocent third-parties" in first-party no-fault cases. Accordingly, the parties agreed to entry of judgment in favor of Kassem and his medical

providers, which would be payable in the event that Hartford's position was ultimately rejected by this Court or the Supreme Court. The order also provided that, for purposes of this appeal, Kassem would be treated as an innocent third-party with respect to the commercial policy issued to Koubise Construction.

On appeal, Hartford argues that the trial court erred by denying its motion for summary disposition—after concluding that Hartford's commercial policy was procured by fraud entitling it to rescind the policy—because abrogation of the innocent third-party rule by *Hyten* applies to bar claims for first-party no-fault insurance benefits, including those related claims of medical providers. We agree.

This Court reviews de novo a ruling on a motion for summary disposition. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010). Hartford brought its motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). However, because the parties relied on evidence beyond the pleadings in this matter, this Court must apply the standard of review applicable to summary disposition under MCR 2.116(C)(10). *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). The trial court may grant a motion for summary disposition under MCR 2.116(C)(10) only "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Dancey*, 288 Mich App at 7, quoting *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

## I. RESCISSION AS TO ALI AND KOUBISE CONSTRUCTION

A no-fault insurer may be entitled to rescind a policy and declare it void *ab initio* when the insured makes a material misrepresentation in the application for insurance that affected either the acceptance of the risk or the hazard assumed by the insurer. *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 252-254; 632 NW2d 126 (2001); *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998). That is, a misrepresentation is material if, given the correct information, the insurer would have rejected the risk or charged an increased premium, i.e., not issued the same contract. *Oade*, 465 Mich at 253-254, quoting *Keys v Pace*, 358 Mich 74, 82; 99 NW2d 547 (1959).

In this case, Ali sought to obtain a commercial insurance policy through Saad at Global Insurance Agency for Koubise Construction and completed an application with her assistance. The application identified five purported business vehicles that were to be covered under the commercial policy, including the Hyundai that was driven by Kassem when he was in the car accident. However, the Hyundai was not owned by Ali or Koubise Construction—it was titled and registered to Kassem. And Ali admitted that Kassem used the Hyundai for personal errands, like going to school, visiting friends, and traveling to his other job. Ali also provided a list of five purported employee-drivers to be insured under the policy and the list did not include Kassem.

Given the inconsistencies between Ali's testimony and the information he provided on the insurance application, it is clear that he made a number of misrepresentations when he procured the Hartford commercial insurance policy at issue in this matter. And Ali signed the

application below a disclaimer confirming that he had furnished the information and reviewed the application for accuracy. See *Montgomery v Fidelity & Guar Life Ins Co*, 269 Mich App 126, 130; 713 NW2d 801 (2005) (stating that a "contracting party has a duty to examine a contract and know what the party has signed"). Further, as the trial court concluded, it is clear that these misrepresentations were relied upon with regard to the issuance of this commercial insurance policy. Ali misrepresented the ownership, use, and primary driver of the Hyundai— issues that were central to the decision to insure the vehicle, as well as to the nature of the risk Hartford accepted when it issued the commercial policy to Koubise Construction. Specifically, the insurance agent, Saad, testified that the commercial insurance policy was approved by underwriting to be issued only under the conditions that the information furnished to Saad by Ali was correct and that he reported all vehicles and employee-drivers related to his business. Saad further testified that the "vehicles on the policy have to relate only to Koubise Construction;" otherwise, Hartford would not insure the vehicle. That is, she testified, a commercial insurance policy is not issued by Hartford unless the business vehicle sought to be insured is used "95% or more for the business." It is clear from Saad's testimony that, given the correct information, Hartford would not have insured the Hyundai under the commercial policy issued to Koubise Construction. See *Oade*, 465 Mich at 254; *Montgomery*, 269 Mich App at 129. Thus, as the trial court held, Ali's misrepresentations were material and relied upon by Hartford when it issued the commercial policy. Accordingly, we agree with the trial court's determination that Hartford would be entitled to rescind its policy as a matter of law. However, the trial court refused to grant Hartford's motion for summary disposition, holding that the innocent third-party rule barred rescission in this case. We disagree with this conclusion.

## II. RESCISSION AS TO INNOCENT THIRD-PARTIES

In holding that the innocent third-party rule barred rescission in this case despite the fraudulent conduct in procuring the commercial policy, the trial court rejected Hartford's argument that the reasoning in *Hyten* applied equally to first-party claims for personal injury protection (PIP) benefits. In *Hyten*, our Supreme Court considered under what circumstances an insurer could avoid liability arising from an insurance policy that was procured by fraud. *Hyten*, 491 Mich at 550. The *Hyten* Court initially noted that, under the rule established in *State Farm Mut Auto Ins Co v Kurylowicz*, 67 Mich App 568; 242 NW2d 530 (1976), an insurer could not avoid liability under a fraudulently procured policy if the fraud was easily ascertainable and the claimant was a third-party. *Hyten*, 491 Mich at 563-564. In rejecting the *Kurylowicz* rule and concluding that an insurer can avail itself of traditional contract avoidance remedies even where the claim is brought by an innocent third-party, the *Hyten* Court reaffirmed the principles it had set forth in *Keys*, 358 Mich at 84: "The *Keys* rule, which allows an insurer to avail itself of a legal or equitable remedy on the ground of fraud in the application for insurance, notwithstanding that the claimant is a third party and the fraud could have been discovered through further investigation, comports with the long-established understanding of fraud in Michigan." *Hyten*, 491 Mich at 570. The *Hyten* Court further noted:

> [I]t is well settled in Michigan that fraud in the application for an insurance policy may allow the blameless contracting party to avoid its contractual obligations through the application of traditional legal and equitable remedies. . . . We discern no basis for treating insurers differently from all other parties who enter into contracts in this state. [*Id*. at 570-571.]

-5-

Thus, the *Hyten* Court concluded, in the context of contractually negotiated excess liability insurance coverage, the insurer could seek to avoid liability under the fraudulently procured insurance policy when a claim was brought by third-parties injured in an accident.

In this case, Hartford argued that the reasoning in *Hyten* applied equally to first-party no-fault claims because the no-fault act, MCL 500.3101 *et seq.*, does not prohibit an insurer from seeking to rescind the policy based on fraud in the procurement. In contrast, Kassem and his medical providers argued that the Court's decision in *Hyten* only relieved an insurer of "its purely contractual obligations to indemnify an insured tortfeasor, not potential obligations – including PIP coverage – owed to third parties by operation of law." Despite their differing interpretations of *Hyten*, the parties correctly agreed that the applicability of *Hyten*'s abrogation of the innocent third-party rule in first-party no-fault litigation would be clarified by this Court's decision in *Bazzi v Sentinel Ins Co*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 320518).

In *Bazzi*, this Court agreed with the arguments now proffered by Hartford on appeal. *Bazzi*, ___ Mich App at ___; slip op at 3. This Court observed that the *Hyten* Court abrogated the innocent third-party rule "without qualification regarding whether those benefits are mandated by statute," nor was the outcome in *Hyten* based on the mandatory nature of the minimum liability coverage required under the financial responsibility act. *Id*. at ___; slip op at 5-7. According to *Bazzi*,

> [t]he question is not whether PIP benefits are mandated by statute, but whether that statute prohibits the insurer from availing itself of the defense of fraud. And none of the parties identify a provision in the no-fault act itself where the Legislature statutorily restricts the use of the defense of fraud with respect to PIP benefits. [*Id*. at ___; slip op at 5.]

Thus, this Court concluded that "if an insurer is entitled to rescind a no-fault insurance policy based upon a claim of fraud, it is not obligated to pay benefits under that policy even for PIP benefits to a third party innocent of the fraud." *Id*. at ___; slip op at 3.

Hartford correctly interpreted *Hyten*'s abrogation of the innocent third-party rule as extending to first-party no-fault cases. Therefore, because Hartford was entitled to rescind the commercial insurance policy it issued to Koubise Construction, it was not obligated to pay PIP benefits that were sought under the policy by parties innocent of the fraud, including Kassem[1]

---

[1] We note, however, that Kassem is not truly an "innocent third-party." The Hyundai was titled and registered in his name. As the owner, registrant, and driver of that vehicle, it was Kassem's responsibility under the law to ensure that he had no-fault automobile insurance. See MCL 500.3101(1). As our Supreme Court noted in *Hyten*, 491 Mich at 569: "Absent insurance, the operator of the motor vehicle is personally liable for tort liability." Similarly, absent insurance, the operator of the motor vehicle is personally liable for his own medical bills and the related costs of being in an automobile accident. See MCL 500.3113(b). And, as Hartford argues on

and his medical providers. Accordingly, we reverse the trial court's denial of Hartford's motion for summary disposition premised on its erroneous conclusion that the innocent third-party rule barred rescission in this case.

Reversed and remanded for entry of an order granting Hartford's motion for summary disposition and vacating the judgment in plaintiffs' favor. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

---

appeal, our decision operates to bar the claims of Kassem's medical providers because Kassem was not entitled to PIP benefits from Hartford. See MCL 500.3112; *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010).