# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES MCKINLEY MILLS,

        Plaintiff-Appellee,

and

CITY XPRESS, LLC, MERCY TRANSPORT,
LLC, and DETROIT ANESTHESIA GROUP,
PLLC,

        Intervening-Plaintiffs,

v

TITAN INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 331460
Wayne Circuit Court
LC No. 15-000562-NF

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring)*.

      I concur with the majority in all respects other than the majority's reasoning for affirming the trial court's refusal to grant summary disposition in favor of defendant regarding any claims other than the attendant care claims. My reading of the statute is that whether plaintiff was aware of the false information is irrelevant. Either a claim was supported by a fraudulent insurance act or it was not. The finding by the trial court and the majority that the attendant care claims were supported by claim forms containing dishonesty necessarily precludes payment or benefits pursuant to MCL 500.3173a(2). Whether or not plaintiff was involved in or cognizant of Bakeley and Mitchell's dishonesty is, insofar as I can determine, irrelevant.

      However, as the majority observes, this is not a case governed by *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014). There is no policy to rescind. The statute precludes "*a claim* that contains or is supported by a fraudulent insurance act." MCL 500.3173a(2) (emphasis added). The Insurance Code does not contain a definition of a "claim" that is not self-referential. This Court has held that where an insurance policy fails to define the term "claim," it should be construed broadly as any sort of assertion or demand of a right to payment or compensation or otherwise something due from another. *Pickney Community Schools v Continental Cas Co*, 213 Mich App 521, 527-530; 540 NW2d 748 (1995). I would

-1-

construe "claim" under the Insurance Code analogously. Exclusion of plaintiff's claims for attendant care benefits does not necessarily exclude any other claims he might have, if those other claims are *not* supported by or do *not* contain a fraudulent insurance act.

I note additionally that *Bahri* held that the intervening plaintiffs in that case "stood in the shoes of the named insured," precluding those intervening plaintiffs from recovering benefits if the plaintiff could not. *Bahri*, 308 Mich App at 424. *Bahri* relied on a case involving res judicata and a plaintiff who was in privity with a prior claimant and attempting to relitigate the issue, an obviously completely different factual scenario. See *TCBI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39; 795 NW2d 229 (2010). In *Bahri*, it was not explained why the intervening plaintiffs stood in the shoes of the plaintiff under those facts, but presumably if the entire policy was rescinded then no claims premised thereon could be pursued. In any event, both cases are readily distinguishable: the applicable language here precludes discrete claims, whereas the applicable language in both *Bahri* and *TCBI* precluded (or had previously been held to preclude) an entire policy.

For these reasons, I concur in affirming.

/s/ Amy Ronayne Krause