*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MECOSTA COUNTY MEDICAL CENTER, doing
business as SPECTRUM HEALTH BIG RAPIDS,
SPECTRUM HEALTH HOSPITALS, SPECTRUM
HEALTH PRIMARY CARE PARTNERS, doing
business as SPECTRUM HEALTH MEDICAL
GROUP, MARY FREE BED REHABILITATION
HOSPITAL, and MARY FREE BED MEDICAL
GROUP,

UNPUBLISHED
March 24, 2020

Plaintiffs-Appellants,

v

METROPOLITAN GROUP PROPERTY AND
CASUALTY INSURANCE COMPANY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

No. 345868
Kent Circuit Court
LC No. 17-007407-NF

Defendants-Appellees.

Before: MURRAY, C.J., and METER and K. F. KELLY, JJ.

MURRAY, C. J. (*dissenting*).

I respectfully dissent. The trial court's order granting defendants' motion for summary disposition on the basis of res judicata should be affirmed because the trial court's rationale was correct under the binding decision of *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39; 795 NW2d 229 (2010). *TBCI* is, except for the assignment between the injured party and the medical provider, on all fours with this case, and therefore requires that we affirm.

As in the case at bar, in *TCBI* the injured party sued his insurer for benefits under his policy. After a trial, the court entered a judgment of no cause of action based upon the jury's finding that plaintiff committed a fraud. Thereafter, in a suit the medical provider had filed seeking to recoup costs of care for the injured party, the trial court concluded that res judicata barred the action. Our Court affirmed, holding that because the judgment was final, the issue addressed was the same in both cases, and that privity existed between the insured and the medical provider:

-1-

Here, there is no serious dispute whether the judgment in the first case was a final judgment on the merits. The jury determined that Afful had submitted a fraudulent claim for benefits, and a judgment pursuant to the verdict was entered on June 3, 2008. Further, there is no question whether plaintiff's claims were, or could have been, resolved in the first lawsuit. This is because the essential evidence presented in the first case sustained dismissal of both actions. See *Eaton Co Rd Comm'rs*, 205 Mich App at 375. Plaintiff, by seeking coverage under the policy, is now essentially standing in the shoes of Afful. Being in such a position, there is also no question that plaintiff, although not a party to the first case, was a "privy" of Afful. "A privy of a party includes a person so identified in interest with another that he represents the same legal right...." *Begin*, 284 Mich App at 599. As noted, the jury determined that Afful submitted a fraudulent claim. The result under the plain language of the exclusion provision interpreted in the first action is that Afful and his privies were not entitled to coverage under the policy. Plaintiff is simply attempting to relitigate precisely the same issue in order to obtain coverage under the policy. [*TCBI*, 289 Mich App at 43-44.]

The same holds true here. Neither party contests the finality of the Wayne Circuit judgment (it was never appealed), or that it was decided on the merits. See *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 510; 686 NW2d 770 (2004), rev'd in part on other grds, 491 Mich 547 (2012). Plaintiff and Myers are also in privity, given that plaintiff is Myers' assignee under the contract. *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998). Finally, although it is true that because of the assignment Myers could not sue defendants for the same past due medical bills as plaintiff was seeking here, Michigan follows the broad "transactional approach" to determining this issue. See *Adair v Michigan*, 470 Mich 105, 121, 124; 680 NW2d 386 (2004) ("the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.").[1] Thus, regardless that plaintiff is seeking to recover for different medical bills (though from the same defendants) than Myers was in Wayne Circuit, because this case arises from the same operative facts—Myers injuries, the procurement of the insurance policy covering his vehicle, and the language of the policy and no-fault act—plaintiff's entitlement to relief under the policy and no-fault law raised the same threshold issue as was resolved through the Wayne Circuit judgment.[2] I would affirm.

/s/ Christopher M. Murray

---

[1] Quoting *River Park, Inc v Highland Park*, 184 Ill2d 290, 307–309; 703 NE2d 883 (1998).

[2] No argument has been made that there is an exception to the application of res judicata when the prior judgment, though not subject to modification on appeal, was based on an issue of law subsequently overruled in another case.