*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TBI SOLUTIONS, LLC,

        Plaintiff/Counterdefendant-Appellee,

v

JAMES A. GALL,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
February 24, 2022

No. 356747
Macomb Circuit Court
LC No. 2021-000399-CK

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant James A. Gall appeals as of right from the trial court's order confirming an arbitration award in favor of plaintiff TBI Solutions, LLC, and denying defendant's motion to modify or correct the award. Defendant does not challenge the $11,000 in damages awarded by the arbitrator, but objects to the $50,000 award of attorney fees and costs. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

Defendant was the clinical director for plaintiff medical provider for approximately 10 years. After defendant resigned from that position plaintiff filed a demand for arbitration relying on the employment contract that mandated arbitration for any employment-related dispute. Defendant then brought an action to permanently stay the arbitration proceedings. Defendant did not assert that there was some specific defect in the arbitration provision, but argued that because he never signed the employment agreement he could not be bound by its arbitration provision. The trial court determined that, despite the lack of signature, defendant had assented to the terms of the employment agreement by his continued employment with plaintiff. Accordingly, the court ruled that the parties had entered into a binding arbitration agreement and dismissed defendant's action.

In the arbitration proceedings, defendant argued that because he did not sign the employment contract he could not be bound by the substantive terms that plaintiff asserted he violated. He sought to narrow the scope of the trial court's ruling, arguing that the court had merely determined that there was a binding arbitration agreement, not that the employment agreement as a whole was binding. The arbitrator disagreed and held that the doctrines of res judicata and

-1-

collateral estoppel precluded defendant from relitigating the existence of an employment agreement. The arbitrator reasoned that an enforceable arbitration agreement could only arise out of the larger employment agreement presented to the trial court and that the enforceability of the entire agreement was the basis for the holding regarding arbitration.

In her opinion captioned "final award," the arbitrator rejected several of plaintiff's claims but ruled that defendant had not performed his contractual duties regarding oversight of medical records and accreditation compliance and awarded plaintiff $11,000 in damages. Pursuant to the arbitration provision, the arbitrator also awarded $50,000 in attorney fees and costs to plaintiff as the prevailing party.

Plaintiff then filed this action in the trial court to confirm the arbitration award, and defendant moved the court to modify or correct the final arbitration award. Defendant objected to the award of attorney fees and costs, arguing that the arbitrator made an error of law when she determined that defendant was bound to all terms of the unsigned employment contract under the doctrines of res judicata and collateral estoppel.

After hearing oral argument, the trial court denied defendant's motion to modify or correct the award, concluding that the principles of res judicata and collateral estoppel did apply to its prior ruling that there was an enforceable contract. The court entered judgment in favor of plaintiff confirming the arbitration award.

## II. ANALYSIS

On appeal, defendant argues that the arbitrator erroneously relied on the doctrines of res judicata and collateral estoppel to bind defendant to the entire unsigned employment contract.[1]

We agree with defendant that res judicata is not applicable to the facts of this case.[2] Rather, collateral estoppel is the relevant preclusion doctrine. "The doctrine of collateral estoppel

---

[1] We review de novo a trial court's ruling on a motion to vacate or modify an arbitration award. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). Judicial review of an arbitration award is limited. *TPS Servs, Inc v Nat'l-Std, LLC*, 329 Mich App 615, 619; 944 NW2d 148 (2019). In order to vacate an arbitration award based on an error of law, the error "must be so substantial that, but for the error, the award would have been substantially different." *Washington*, 283 Mich App at 672 (quotation marks and citations omitted). Questions concerning the applicability of res judicata and collateral estoppel are reviewed de novo. *TCBI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 42; 795 NW2d 229 (2010); *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). We also review de novo questions of statutory interpretation. *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 620; 739 NW2d 132 (2007).

[2] "The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). In the arbitration proceedings, defendant was not attempting to relitigate a *claim* that was or could have been resolved in the initial action filed before the trial court. Rather, the question is whether he sought to relitigate an *issue* that was necessarily decided by the trial court. Accordingly, collateral estoppel is the more

precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019) (quotation marks and citation omitted).

Defendant maintains that collateral estoppel does not apply because the trial court in the motion to stay proceedings did not decide that the *entire* unsigned employment agreement was enforceable, but only that the parties were bound by the arbitration provision contained within the employment agreement. Defendant further argues that under the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq*., the trial court could not have decided whether the entire contract was enforceable. MCL 691.1686 provides in relevant part:

> (2) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

> (3) An arbitrator shall decide . . . whether a contract containing a valid agreement to arbitrate is enforceable.

Thus, under the UAA, "[t]he existence of an arbitration agreement and the enforceability of its terms are judicial questions for the court rather than for the arbitrators." *Watts v Polaczyk*, 242 Mich App 600, 603; 619 NW2d 714 (2000). Then, if the court determines that "the dispute is arbitrable, the merits of the dispute are for the arbitrator." *Altobelli v Hartmann*, 499 Mich 284, 296; 884 NW2d 537 (2016) (quotation marks and citation omitted).

Defendant's point is well taken that, in a typical case, the trial court would have decided only whether an arbitration agreement existed, not whether the larger contract was enforceable. In this case, however, defendant did not make a specific challenge to the arbitration provision in his argument to the trial court that the case was not subject to arbitration. Rather, defendant argued that the contract, *as a whole*, was not enforceable because he did not sign the employment agreement and did not otherwise agree to the terms therein. Thus, defendant's argument that there was not an agreement to arbitrate necessarily required the trial court to determine whether the contract, *as a whole,* was binding.

We are not aware of published Michigan caselaw addressing whether the trial court or the arbitrator should decide a blanket challenge to the enforceability of a contract containing an arbitration provision.[3] Regardless, in his motion to stay arbitration, defendant effectively asked

applicable doctrine. See *People v Gates*, 434 Mich 146, 155 n 10; 452 NW2d 627 (1990); *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001).

[3] Under the Federal Arbitration Act, 9 USC 1, *et seq*., the United States Supreme Court has held that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc v Cardegna*, 546 US 440, 445; 126 S Ct 1204; 163 L Ed 2d 1038 (2006). However, the Court declined to address

the trial court to decide the enforceability of the contract, and "a party may not claim as error on appeal an issue that the party deemed proper in the trial court . . . ." *In re Conservatorship of Brody*, 321 Mich App 332, 347; 909 NW2d 849 (2017) (quotation marks, brackets, and citation omitted). Given defendant's argument, the trial court necessarily had to decide as a threshold matter that defendant had assented to the terms of the employment agreement. Defendant also fails to appreciate that a subsequent ruling by the arbitrator that the employment agreement was not enforceable would have been inconsistent with the basis for the trial court's ruling that the arbitration provision was enforceable. See *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 521; 847 NW2d 657 (2014) (collateral estoppel serves to "prevent[] inconsistent decisions") (quotation marks and citations omitted). Thus, in holding that an arbitration agreement existed, the trial court necessarily decided defendant's broader challenge to whether there was an agreement at all. Accordingly, the arbitrator correctly held that defendant was precluded by collateral estoppel from relitigating that issue.

Further, while the arbitrator initially relied on the preclusion doctrines in holding that the employment agreement was enforceable, the arbitrator stated in the final award that she also concluded based on the evidence presented at the hearings that defendant was bound by the terms of the employment contract. Thus, the arbitrator provided a basis for the award separate from the doctrine of collateral estoppel. Defendant does not address this alternative ruling, let alone argue that it was erroneous. Accordingly, even if collateral estoppel did not apply, we would nonetheless affirm.

Finally, we note that defendant's request for relief is not supported by his underlying legal argument. Again, defendant objects only to the award of attorney fees and costs. He does not argue, however, that the trial court erred by holding that there was an enforceable arbitration provision, which mandated an award of attorney fees and costs to the prevailing party. Rather, defendant's position is that the arbitrator was not precluded from deciding whether he was bound by the *other provisions* in the employment agreement, which were the basis for the substantive breach of contract claims. For the reasons discussed, we reject that argument. But even if we were to agree with defendant, that would not provide a basis for modifying the award of attorney fees or costs,[4] which were awarded pursuant to by the arbitration provision that defendant is no longer challenging. In short, defendant challenges the award of attorney fees or costs, but he does not explain why the arbitrator should not have applied the attorney fee provision.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro

---

whether the court or the arbitrator should decide the issue of whether an agreement between the parties "was ever concluded," *id*. at 444 n 1, which was the question in this case.

[4] Given our ruling, we need not address plaintiff's argument that defendant could not seek to modify or correct the arbitration award under MCR 3.602(K) on the basis of an alleged error of law by the arbitrator.