*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ATAIN INSURANCE COMPANY,

        Plaintiff/Counterdefendant-Appellant,

and

NATIONAL SURETY CORPORATION,

        Intervening Plaintiff/Third-Party
        Plaintiff,

v

WARREN HOSPITALITY SUITES INC., doing
business as HAWTHORNE SUITES,

        Defendant/Counterplaintiff/Third-
        Party Defendant-Appellee,

and

JOHN FAY and JANICE FAY,

        Defendants/Third-Party Defendants.

UNPUBLISHED
May 26, 2022

No. 355928
Oakland Circuit Court
LC No. 2020-178861-CB

Before: GLEICHER, P.J., and K. F. KELLY and PATEL, JJ.

K. F. KELLY, J. (*dissenting*).

I respectfully dissent from the majority's holding that the trial court did not abuse its discretion when it granted the motion for stay. In my view, the imposition of the stay is inequitable to plaintiff, who has been denied the ability to participate in the parallel federal court litigation, the very proceedings in which defendant claims the issue of indemnity will be decided. Moreover, the stay will not necessarily promote judicial economy because the issues presented in the federal court litigation do not turn on whether there was a "hostile fire," but rather whether Warren Hospitality was negligent, fire or not. And

-1-

finally, there is no risk of inconsistent rulings because collateral estoppel cannot act to preclude plaintiff's lawsuit.

In the majority's view, the federal and state court litigation have "common issues of fact regarding the cause of the alleged carbon monoxide discharge." Staying the state court action "clearly serves judicial economy" because "the outcome of the tort action could impact the declaratory action." I respectfully disagree. The outcome of the federal court litigation will not have an impact on the state court litigation, and the trial court abused its discretion when it concluded otherwise. The Fays' federal court claims all sound in negligence. In other words, the Fays must show that defendants breached a duty to them, resulting in defendants being a proximate cause of their injury. See *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 882 NW2d 190 (2012). Although the Fays claim that one source of the carbon monoxide poisoning was an "uncontrollable fire" in the hotel's HVAC system, they do not contend such fire—or any fire for that matter—was the only source of the carbon monoxide poisoning. And perhaps most pertinent, the Fays have no legal duty, for purposes of proving the elements of their negligence claims, to prove the carbon monoxide poisoning was caused by a fire, uncontrolled, hostile, or otherwise.

Yet, even if the federal litigation somehow results in a factual finding relevant to the presence or absence of a hostile fire, such a finding would have no preclusive effect on Atain. "Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). Thus, for collateral estoppel to apply to Atain's declaratory action, defendants must show "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotation marks, citation, and brackets omitted). None of these elements can be met.

As stated, the question of whether there was a hostile fire is not essential to the claims asserted in the federal court litigation. The Fays seek to hold Warren Hospitality (and other defendants not party to these proceedings) liable for their alleged negligence. But the Fays' claims do not turn on whether a hostile fire occurred. Moreover, Atain was denied the ability to litigate the issue in federal court when its motion to intervene was denied and, therefore, did not have the ability to fairly and fully litigate the issue in that venue. Lastly, mutuality of estoppel is not present between Atain and Warren Hospitality because Atain and Warren are not in privity for purposes of those proceedings, as their legal interests are not aligned. See *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010) ("A privy of a party includes a person so identified in interest with another that he represents the same legal right . . . ."); *Monat*, 469 Mich at 684 (quotation marks and citations omitted) ("[M]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action.").

In my view, it is plain that the federal court proceedings are unlikely to resolve the issue of whether a hostile fire occurred in the first instance and, even if resolved, will have no preclusive effect on Atain. The trial court abused its discretion when it granted the motion for stay, and I would reverse the order and remand for further proceedings.

/s/ Kirsten Frank Kelly