**S T A T E   O F   M I C H I G A N**
**C O U R T   O F   A P P E A L S**

---

KEVIN DAWOUD and MIKHO ESSA by Next
Friend BILBIL MANO and RASHA KAMEL,

      Plaintiffs,

and

GRACE TRANSPORTATION, INC.,

      Intervening Plaintiff,

and

UTICA PHYSICAL THERAPY,

      Intervening Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellee.

FOR PUBLICATION
October 18, 2016
9:05 a.m.

No. 327915
Wayne Circuit Court
LC No. 13-01037-NF

---

KEVIN DAWOUD and MIKHO ESSA by Next
Friend BILBIL MANO and RASHA KAMEL,

      Plaintiffs,

and

GRACE TRANSPORTATION, INC.,

      Intervening Plaintiff-Appellant,

and

UTICA PHYSICAL THERAPY,

-1-

Intervening Plaintiff,

v

No.     327927
Wayne Circuit Court
LC No.   13-01037-NF

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

In this consolidated appeal,[1] Grace Transportation, Inc. and Utica Physical Therapy (collectively, "the service providers") appeal the trial court's order that granted summary disposition in favor of defendant, State Farm, and dismissed their claims on the grounds that the service providers' claims were barred because the insureds were precluded from recovery, as their underlying claims had been dismissed for discovery violations. For the reasons provided below, we affirm.

I.  BASIC FACTS

On November 28, 2012, Kevin Dawoud, Rasha Kamel, and Mikho Essa ("plaintiffs") were allegedly involved in a motor vehicle accident. They applied for no-fault benefits through the Michigan Automobile Insurance Placement Facility. State Farm was assigned the claim, and plaintiffs filed a lawsuit seeking personal protection insurance ("PIP") benefits from State Farm. The service providers, who provided therapy and transportation services to plaintiffs, were allowed to intervene by stipulation of all parties to pursue direct payment of their bills by State Farm. Plaintiffs, who failed to comply with discovery orders and failed to attend three scheduled depositions, had their claims dismissed with prejudice.[2] Plaintiffs had no further involvement in this case and are not involved in this appeal.

Thereafter, State Farm moved for summary disposition and argued that the dismissal of the underlying plaintiff's case operated as an adverse adjudication on the merits pursuant to MCR 2.504, which bars the service providers from proceeding with their derivative claims. The service providers argued that their claims should be allowed to proceed because Michigan law

---

[1] Although appellants filed separate claims of appeal from the same case, this Court consolidated the two claims. *Dawoud v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered July 22, 2015 (Docket Nos. 327915 & 327927).

[2] The trial court also originally dismissed the service providers' claims, but later set aside the dismissal with respect to the service providers.

allows for such providers to bring a cause of action in their own name. Following a hearing, the trial court granted State Farm's motion. The service providers then filed a motion for reconsideration, which the court also denied.

## II. ANALYSIS

On appeal, the service providers argue that the trial court erred when it granted State Farm's motion for summary disposition and dismissed the case. We disagree.

Although the trial court did not specify the court rule it relied on when it granted State Farm's motion for summary disposition, MCR 2.116(C)(10) is the applicable rule. This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 279; 769 NW2d 234 (2009). A motion under this subrule is properly granted if there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. at 278. All documentary evidence submitted by the parties is considered, and it is considered in the light most favorable to the nonmoving party. *Id*.

The parties agree, or at least the service providers concede, that if the elements of an injured party's no-fault act claim fails *substantively*, based on the merits (for example, if the individual's injury is not the result of an automobile accident), any providers of services would have no claim against the insurer, because their claims are derivative. At issue here is whether the same principle applies when the injured party's no-fault claim "fails," as it did here, due to the injured party's failure to attend depositions and otherwise comply with discovery orders and obligations.

The service providers rely only on MCL 500.3112 and *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389; 864 NW2d 598 (2014), to support their argument that the lower court's decision should be reversed. MCL 500.3112 states as follows:

> Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents. Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person. If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order. The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate. In the absence of a court order directing otherwise the insurer may pay:
>
> (a) To the dependents of the injured person, the personal protection insurance benefits accrued before his death without appointment of an administrator or executor.

    (b) To the surviving spouse, the personal protection insurance benefits due any dependent children living with the spouse.

Clearly, the text of this statute does not in any way address the issue presented in this appeal. It says nothing about whether a provider can proceed against an insurer when the injured party's claim has been dismissed because of a discovery violation. It merely states that an "interested party may apply to the circuit court for an appropriate order" if there is doubt about the proper allocation of PIP benefits, and that PIP benefits "are payable . . . for the benefit of an injured person."

   In *Wyoming Chiropractic*, this Court affirmed the trial court's order that entered judgment in favor of Wyoming Chiropractic and held that a provider has standing to bring a direct cause of action against an insurer. *Wyoming Chiropractic*, 308 Mich App at 396-397. After discussing MCL 500.3112 and relevant case law, this Court held that MCL 500.3112, and specifically the phrase "or for the benefit of" in that statute, allowed a provider to bring a claim against an insurer for PIP benefits. *Id.* at 392-397. However, the Court only addressed whether a provider had *standing* under MCL 500.3112 to sue an insurer for PIP benefits. *Id.* at 390, 392. The parties agree that the service providers here have standing under MCL 500.3112 to sue State Farm for PIP benefits. However, the narrow legal issue is whether the service providers' claims for PIP benefits can survive when plaintiffs' underlying claim for PIP benefits was dismissed with prejudice because plaintiffs failed to attend depositions and otherwise comply with discovery orders and obligations.

   In regard to the argument that their claims for PIP benefits is "derivative" of plaintiffs' claim for PIP benefits, the service providers assert without further explanation that "[t]he 'derivative' argument is precisely the standing argument [in *Wyoming Chiropractic*] under a different cloak, especially here where the 'failure' of the injured parties' claim was due to litigation misconduct and not any substantive validity of the claim for no fault benefits." The service providers also assert that an injured individual may ultimately be precluded from pursuing a cause of action for PIP benefits where he or she fails to abide by a court order, but that such preclusion does not invalidate the claim for benefits on substantive grounds.

   These arguments are not persuasive. As already noted, the standing issue in *Wyoming Chiropractic* has little to do with the issue in this appeal. Additionally, the service providers agree that if an injured party's claim fails for "substantive" reasons, the provider is precluded from obtaining PIP benefits. Thus, they inherently recognize that a provider's claim to PIP benefits, at least in some circumstances, *is derivative* of the injured party's claim to PIP benefits. Accordingly, this case boils down to the specific question of whether the dismissal of plaintiffs' underlying claims with prejudice due to discovery violations should be treated differently than a "substantive" dismissal "on the merits." We hold that it should not be treated differently.

   Although the trial court did not specify the court rule under which it dismissed plaintiffs' claims, it stated that it was dismissing them "for the reasons stated in the brief and on the record." State Farm's brief referenced, among other things, MCR 2.313, which pertains to the failure to provide or to permit discovery. MCR 2.313(B)(2)(c) provides that, for failing to comply with a court's discovery order, a court may enter

an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, *dismissing the action or proceeding or a part of it*, or rendering a judgment by default against the disobedient party. [Emphasis added.]

And the court rules describe the effect given to such an involuntary dismissal in MCR 2.504(B)(3):

> *Unless the court otherwise specifies in its order for dismissal*, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, *operates as an adjudication on the merits*. [Emphasis added.]

And, because the court did not provide otherwise in its order for dismissal, its dismissal of plaintiffs' claims operated "as an adjudication on the merits" with regard to their rights to PIP benefits under the clear language of the applicable court rule. Further, as the service providers have acknowledged, if an insured's claim is substantively barred on the merits, any derivative claims necessarily fail as well. See *Covenant Med Ctr v State Farm Mut Auto Ins Co*, 313 Mich App 50, 54; 880 NW2d 294 (2015); *Moody v Home Owners Ins Co*, 304 Mich App 415, 440-441; 849 NW2d 31 (2014), rev'd on other grounds 499 Mich 211 (2016). Accordingly, the trial court did not err when it granted State Farm's motion for summary disposition with respect to the service providers' derivative claims.[3]

---

[3] The service providers also appear to argue that the trial court's decision violated due process. Their actual "argument" consists of the following:

> The Court Rules and statutes clearly give authority for sanctions to disobedient parties, but there is nothing that allows punishment for the acts of others (such punishment would seem to raise constitutional issues as well), Mich Const, Art I, § 16 (prohibiting cruel and unusual punishment); Art I, § 17 (deprivation of property without due process).

The service providers do not develop any argument with respect to this purported "constitutional issue[]." Accordingly, we treat that issue as abandoned. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). As the trial court noted, it appears that the service providers' remedy is to recover the costs of the therapy and transportation services from plaintiffs.

Affirmed. State Farm, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly