*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE MEDICAL TEAM, INC.,

Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
February 25, 2020

No. 345449
Washtenaw Circuit Court
LC No. 17-000394-NF

Before: BORRELLO, P.J., and METER and SWARTZLE, JJ.

PER CURIAM.

In this action for personal protection insurance (PIP) benefits under the no-fault insurance act, MCL 500.3101 *et seq*., defendant, Auto-Owners Insurance Company, appeals as of right the trial court's stipulated order for dismissal and entry of a consent judgment in favor of plaintiff, The Medical Team, Inc. (Provider), entered into by agreement between the parties after the trial court's decision denying Auto-Owners' motion for summary disposition and preserving Auto-Owner's right to appeal that ruling. Auto-Owners had argued that res judicata or collateral estoppel barred Provider's claim for reimbursement, which had been assigned to it by the insured, Richard Kalamas. Auto-Owners contended that it was entitled to summary disposition because the Wayne Circuit Court had dismissed Kalamas's claim for first-party PIP benefits on the basis that Kalamas had made fraudulent statements that triggered the fraud-exclusion clause of the underlying insurance policy. On appeal, Auto Owners argues that res judicata or collateral estoppel bars Provider's claims because they are entirely dependent on Kalamas's eligibility for PIP benefits and that the trial court erred as a matter of law by denying its motion for summary disposition. For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

In May 2017, Provider filed a complaint in the Washtenaw Circuit Court against Auto-Owners in which Provider alleged that it had provided attendant care services to Kalamas in relation to an April 2012 motor vehicle accident. Provider further alleged that Kalamas had assigned to it the right to collect the expenses incurred by Provider on Kalamas's behalf but that Auto-Owners had refused to pay the charges.

Provider acknowledged in the filing of its complaint that another civil action arising out of the same transaction or occurrence remained pending in the Wayne Circuit Court, referencing a lawsuit that had been filed in that court by Kalamas against Auto-Owners. It appears that these two separate, parallel actions arising out of the April 2012 motor vehicle accident—an action in the Wayne Circuit Court involving Kalamas's individual claims against Auto-Owners and the instant action in the Washtenaw Circuit Court involving Provider's claims against Auto-Owners that had been assigned to Provider by Kalamas—continued to proceed simultaneously against Auto-Owners. On November 20, 2017, the Wayne Circuit Court entered a stipulated order in that lawsuit indicating that Kalamas's claims for bills relating to services provided by Provider were dismissed without prejudice.

As especially pertinent to the issue presented in this appeal, the Wayne Circuit Court entered an order in Kalamas's case on April 18, 2018, granting summary disposition in favor of Auto-Owners on the ground that Kalamas did not have any PIP coverage under the policy because he had made fraudulent statements related to the accident that triggered a fraud-exclusion clause in the policy.[1] The order provided in relevant part as follows:

> **IT IS HEREBY ORDERED** that Plaintiff Richard Kalamas made fraudulent statements in connection with the subject accident and therefore all claims for No-Fault PIP Benefit are barred in accordance with the terms of the policy.

In accordance with this ruling, the Wayne Circuit Court dismissed Kalamas's complaint against Auto-Owners with prejudice. The order provided that it resolved all pending claims and closed the case.

Subsequently, on June 4, 2018, Auto-Owners moved for summary disposition under MCR 2.116(C)(10) in the instant case against Provider that was proceeding in the Washtenaw Circuit Court. Auto-Owners argued[2] that res judicata barred Provider's claims, citing the summary disposition order by the Wayne Circuit Court ruling that Kalamas was ineligible for any PIP benefits under his insurance policy.[3] Auto-Owners essentially contended that Provider's claim for reimbursement was entirely dependent on Kalamas's underlying claim for benefits against Auto-Owners and that because the trial court in the Wayne Circuit Court action had determined that Kalamas was not entitled to PIP benefits, as a matter of law, neither was Provider. Auto-Owners

---

[1] This clause stated as follows:

> **We** will not cover any person seeking coverage under this policy who has made fraudulent statements or engaged in fraudulent conduct with respect to procurement of this policy or to any **occurrence** for which coverage is sought.

[2] Auto-Owners raised other arguments as well that are not relevant to our resolution of this appeal.

[3] Auto-Owners attached a copy of this order to its motion for summary disposition.

maintained that Provider could not relitigate in the Washtenaw Circuit Court action whether Kalamas was entitled to PIP benefits.

In its response, Provider primarily took issue with the substantive and procedural correctness of the Wayne Circuit Court's summary disposition ruling.[4] Provider did not, however, deny its awareness of those proceedings.[5] Provider also argued that Auto-Owners in the instant case had failed to timely plead fraud as an affirmative defense.

With respect to the application of res judicata specifically, Provider made two main arguments in opposition. First, Provider argued that this doctrine should not be applied under these circumstances because "there was not an adequate opportunity to obtain a full and fair adjudication in the Wayne County action and Mr. Kalamas was denied due process of law." In support of this argument, Provider maintained that Kalamus had died approximately one month before Auto-Owners moved for summary disposition in the Wayne Circuit Court action, that the trial court in that case was never informed of Kalamas's death,[6] that a personal representative was never appointed on Kalamas's behalf, and that Kalamas's attorney did not respond to the summary disposition motion or appear for the hearing on the motion. Provider further contended that Kalamas's attorney in the Wayne Circuit Court action was actually responsible for making the fraudulent statements at issue without Kalamas's participation.

In its second argument against application of res judicata, Provider argued that it could not have litigated its claims in the Wayne Circuit Court action because the parties in that action, including Auto-Owners, had agreed that Provider's bills would be excluded from that action and the Wayne Circuit Court had entered a stipulated order to that effect.

Auto-Owners filed a reply brief, clarifying that its motion for summary disposition was actually being brought under MCR 2.116(C)(7) and that the primary basis of its motion was res judicata, not fraud. Auto-Owners maintained that Provider was attempting to make an impermissible collateral attack on the Wayne Circuit Court's order.

The trial court denied summary disposition in the Washtenaw Circuit Court action, holding as follows:

---

[4] Provider seemingly alleged that Kalamas's attorney in the Wayne Circuit perpetrated the fraud. Provider also indicated that Kalamas was deceased by the time the summary disposition hearing was held in the Wayne Circuit Court and that his attorney did not respond to the summary disposition motion filed by Auto-Owners in that case or appear at the hearing on that motion. Nonetheless, as we explain in more detail below, the propriety of the resolution in the Wayne Circuit Court proceeding is not before us at this juncture.

[5] The parties agree that Provider was fully aware of the Wayne Circuit Action.

[6] Auto-Owners, in its reply, attached a pleading that had purportedly been filed in the Wayne Circuit Court action contradicting this assertion. Provider conceded at the summary disposition motion hearing that the Wayne Circuit Court was informed of Kalamas's death.

-3-

[Provider] had a right to pursue benefits that had been assigned to it. I understand that a Wayne County Judge made a determination with prejudice as to Mr. Kalamas' right to recover and determined, based on an unopposed motion for summary disposition, that Mr. Kalamas had committed fraud. [Provider] disputes that Mr. Kalamas committed fraud in any event, but even if he did commit fraud, [Provider] was not a party to that action and can't be bound by the result in that case. There's not an identity of parties or interests and I would deny the motion for summary disposition.

The trial court added that "[i]f this matter had been adequately or vigorously litigated in Wayne County, I might have a different view of it." The trial court further held that it was "inherently unfair to use the dismissal in the Wayne County case to bar a claim here by another party over some of the same issues," especially in light of Kalamas's death during those proceedings. Additionally, the trial court reasoned:

> Okay, there was no estate opened. The estate was not substituted as a party plaintiff. There was no response filed to the motion for summary disposition and nobody showed up on behalf of the plaintiff to argue to the motion. I don't find that—that that's a situation that should be used against [Provider] in this case.

The trial court also remarked that, although it accepted that Provider was aware of the Wayne County proceedings and defendant had pleaded collateral estoppel as an affirmative defense, it was still "offensive" that Auto-Owners failed to specifically plead facts supporting its assertion of collateral estoppel or res judicata as an affirmative defense in the Washtenaw County action. Defense counsel responded, "there's been no prejudice to the plaintiff because they participated in depositions, they were put on notice during case evaluation, [and] they had all this information as soon as we had it." Defense counsel stated further that "at the time of filing our affirmative defenses, obviously we didn't know about all this information. We went through discovery and then, we learned it."

The trial court also denied Auto-Owners' subsequent motion to amend its affirmative defenses, reasoning as follows:

> I'm denying the motion for leave to amend, it's true that leave should be freely granted; however, this case um—is set for trial in four weeks and I do find that the amendment would prejudice the Plaintiff. The fact that it was known—that some—something was known by Plaintiffs with respect to what was going on in Wayne County doesn't mean that Plaintiff has to be prepared to defend it when it's not been pled; so for those reason's I'll deny the motion.

The trial court denied Auto-Owners' motion for reconsideration. As previously noted, the trial court entered a stipulated order for dismissal and consent judgment. Auto-Owners now appeals.

## II. STANDARD OF REVIEW

This Court reviews a trial court's ruling on a summary disposition motion de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). We also review de novo the question whether a subsequent action is barred by res judicata. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004). The application of collateral estoppel also presents a question of law that is reviewed de novo. *King v Munro*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341714); slip op at 2.

Summary disposition may be granted under MCR 2.116(C)(7) on the basis of res judicata or collateral estoppel. *Id*. When deciding a motion under MCR 2.116(C)(7), the trial court "should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Id*. (quotation marks and citation omitted).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher*, 300 Mich App at 139-140 (quotation marks and citations omitted).]

## III. ANALYSIS

As Auto-Owners correctly notes, a medical provider's action for reimbursement for services provided to a person injured in a motor vehicle accident is dependent on the validity of the injured insured's underlying claim for PIP benefits from the no-fault insurer; if the injured insured's claim fails, then so does the medical provider's derivative claim. See, e.g., *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 521-524; 895 NW2d 188 (2016); *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 393-394, 399; 838 NW2d 910 (2013). As a general matter, it is now well settled that a provider has no independent statutory cause of action against a no-fault insurer for recovery of PIP benefits. See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 195-196; 895 NW2d 490 (2017). Rather, the provider's normal recourse is to seek payment directly from the injured person. See *id*. at 217.

Alternatively, as our Supreme Court explained in *Covenant*, an injured person retains the ability to assign his or her right to past or presently due benefits directly to the provider. See *id*. at 217 n 40. This is what occurred here, with Provider's cause of action against Auto-Owners proceeding on the basis of an assignment from Kalamas.

When such an assignment occurs, the provider, as assignee, "stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004). Therefore, in the no-fault insurance context, because the assignee-provider "stands in the shoes of the assignor," the assignee-provider only

"possesses whatever right [the assignor] would have to collect past due or presently due benefits" from the no-fault insurer. See *Prof Rehab Assoc v State Farm Mut Auto Ins Co (On Remand)*, 228 Mich App 167, 177; 577 NW2d 909 (1998).

The resolution of this appeal hinges on an application of general principles of the law relating to assignments in the context of res judicata. "The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair*, 470 Mich at 121. "The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010) (quotation marks and citation omitted).

In *TBCI*, this Court held that a medical provider seeking recovery of first-party benefits from an insurance provider was "essentially standing in the shoes" of the injured insured and, therefore, a "privy" of that individual. *TCBI*, 289 Mich App at 40, 41, 44. "A privy of a party includes a person so identified in interest with another that he represents the same legal right . . . ." *Id*. at 44 (quotation marks and citation omitted; ellipsis in original). Accordingly, where a previous lawsuit by the injured insured resulted in a judgment that the injured insured committed fraud in connection with a claim pursuant to an insurance policy and, as a result, lost legal entitlement to any claim of coverage under the policy, res judicata barred any attempt by the medical provider to relitigate that issue in its own separate lawsuit seeking reimbursement for services provided to the injured insured. *Id*. at 41, 44. We further noted that the prior judgment in the insured's lawsuit was a final judgment on the merits and that "there is no question" that the medical provider's claims could have been resolved in the previous lawsuit. *Id*. at 43; see also *Adair*, 470 Mich at 121, 124-125 (stating that our Supreme Court has adopted a "broad approach to the doctrine of res judicata" by holding that it not only bars claims already litigated but also "every claim arising from the same transaction" that could have been raised through the exercise of reasonable diligence and further explaining that under this "transactional test" followed in Michigan, "the determinative question is whether the claims in the instant case arose as part of the same transaction as did the claims in [the previous lawsuit]"). This Court held in *TBCI* that the trial court had therefore properly dismissed the medical provider's lawsuit on res judicata grounds. *TBCI*, 289 Mich App at 44.[7]

In this case, the Wayne Circuit Court entered a judgment that "all" of Kalamas's claims for PIP benefits were barred, under the terms of his insurance policy with Auto-Owners, based on

---

[7] Although *TBCI, PC* was a pre-*Covenant* case and, accordingly, did not specifically address a policyholder's claim as assigned to the provider, we conclude that the same result must apply in this case because Provider's claims as assignee were nonetheless necessarily and entirely derivative and dependent on Kalamas's rights under the insurance policy. See *Dawoud*, 317 Mich App at 524 ("[I]f an insured's claim is substantively barred on the merits, any derivative claims necessarily fail as well.").

Kalamas's fraudulent statements. The Wayne Circuit Court therefore dismissed Kalamas's action against Auto-Owners with prejudice.[8] As we explained in *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015), "[a] dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts." See also MCR 2.504(B)(3). Provider sought reimbursement based on services it allegedly provided to Kalamas on the theory that it had been assigned to right to collect Kalamas's PIP benefits for those services. Provider thus possessed only the rights Kalamas possessed and was clearly Kalamas's privy. *Dawoud*, 317 Mich App at 521-524; *Burkhardt*, 260 Mich App at 653; *TCBI*, 289 Mich App at 44. Finally, considering that Provider's claim necessarily depended on showing that Kalamas was entitled to the PIP benefits for which Provider sought reimbursement, Provider's claim could have been resolved as part of the same lawsuit. *Adair*, 470 Mich at 121, 124-125; *TCBI*, 289 Mich App at 43. In summary, because Kalamas's claim was "substantively barred on the merits, any derivative claims necessarily fail as well." See *Dawoud*, 317 Mich App at 524.

Hence, Provider's claim was barred by res judicata and the trial court erred by denying Auto-Owners' motion for summary disposition. *Adair*, 470 Mich at 121. The trial court erroneously based its decision on considerations that were outside of the proper legal test, as set forth by our Supreme Court, for determining whether res judicata operated to bar Provider's claim. *Id*. The trial court's conclusion that Provider was not Kalamas's privy because there was no "identity of parties or interests" is directly contrary to binding precedent of both our Supreme Court and this Court. *Covenant*, 500 Mich at 217 n 40; *Burkhardt*, 260 Mich App at 653; *Prof Rehab*, 228 Mich App at 177; *Dawoud*, 317 Mich App at 521-524. In essence, the trial court in this case based its ruling on its view that the Wayne Circuit Court decision was wrong. However, assuming without deciding that the Wayne Circuit Court erred in rendering its decision,[9] that fact standing alone would be an insufficient basis to avoid the application of res judicata. See *Hackley v Hackley*, 426 Mich 582, 591-592; 395 NW2d 906 (1986) (opinion by BOYLE, J.), superseded on other grounds by statute as stated in *Glaubius v Glaubius*, 306 Mich App 157, 175-177; 855 NW2d 221 (2014).

Similarly, Provider's appellate arguments essentially amount to improper challenges to the propriety of the Wayne Circuit Court action. As an initial matter, Provider's arguments are founded on the misperception that Auto-Owners was asserting fraud as a defense in this case when, in actuality, Auto-Owners was merely relying on the preclusive effect—under the doctrine of res judicata—of the Wayne Circuit Court's ruling that Kalamas was not entitled to any PIP benefits under the insurance policy, which necessarily prohibited Provider from collecting any PIP benefits on Kalamas's behalf as his assignee. Provider raises multiple arguments in this case for why it believes the Wayne Circuit Court's ruling was erroneous, but these arguments are nothing more than an attempt to use the instant case as a vehicle for relitigating the issue that was already decided in the Wayne Circuit Court action regarding whether Kalamas was barred from receiving PIP benefits under the insurance policy. Consequently, Provider's arguments amount to an

---

[8] We further note that our search located no indication that an appeal of the Wayne Circuit Court's decision was ever sought.

[9] Clearly, we cannot decide whether the Wayne Circuit Court erred since that court's decision is not before us in this case.

impermissible collateral attack on the Wayne Circuit Court's judgment in that lawsuit. See *Worker's Compensation Agency Dir v MacDonald's Indus Prod, Inc*, 305 Mich App 460, 474; 853 NW2d 467 (2014) ("It is well established in Michigan that, assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding.").

Provider further appears to believe that Kalamas's assignment of his right to obtain benefits based on the services provided by Provider somehow insulates Provider's claim from the effect of the Wayne Circuit Court judgment. However, an assignee cannot obtain any greater right than the assignor had with respect to past due or presently due benefits from the no-fault insurer. See *Prof Rehab*, 228 Mich App at 177. An assignment does not have "some strange alchemistic power to transform a dross and worthless cause of action into the pure gold from which a judgment might be wrought." *Jones v Chambers*, 353 Mich 674, 682; 91 NW2d 889 (1958) (quotation marks and citation omitted).

Lastly, to the extent that the trial court believed that Auto-Owners could not rely on res judicata because it had not sufficiently pleaded it as an affirmative defense, the trial court did not provide a sufficient basis for denying Auto-Owners leave to amend its pleadings. Leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2). Furthermore,

> [t]he allowance of an amendment is not an act of grace, but a right of a litigant seeking to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies . . ., undue prejudice . . ., futility of amendment, etc." [*Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 659; 213 NW2d 134 (1973) (citation omitted; alteration in original).]

In this case, we note that Auto-Owners could not have pleaded facts supporting res judicata as an affirmative defense until after the Wayne Circuit Court had issued its summary disposition ruling and that Auto-Owners moved for summary disposition on that basis in this case within two months of the Wayne Circuit Court's decision. That this was close in time to when the trial was scheduled, which was an apparent concern of the trial court, did not make this an *undue* delay. "[I]n the absence of a showing of either bad faith or actual prejudice, mere delay does not warrant denial of a motion to amend." *Id*. at 663-664. In this case, there was no indication of bad faith on the part of Auto-Owners, and there was no indication of "actual prejudice" to Provider other than the fact that its claim would be barred by the operation of res judicata. However, "[t]he possible prejudice . . . must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the amendment is allowed, whereas he may win it if the amendment is denied." *Id*. at 658 (quotation marks and citation omitted). Therefore, we conclude that the trial court abused its discretion by denying Auto-Owners' motion for leave to amend its pleadings regarding the assertion of res judicata. See *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 142; 715 NW2d 398 (2006) ("The grant or denial of leave to amend pleadings is within the trial court's discretion.").

Reversed and remanded for further proceedings consistent with this opinion. We do not

retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Brock A. Swartzle