*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SYNERGY SPINE & ORTHOPEDIC SURGERY
CENTER, LLC,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
March 21, 2024
9:20 a.m.

No. 364359
Oakland Circuit Court
LC No. 2019-171203-NI

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff, a medical provider which had been assigned a patient's right to collect no-fault personal injury protection (PIP) insurance benefits for facility services it provided to the patient-insured, appeals as of right an order granting summary disposition in favor of defendant on the ground that plaintiff's claim is barred by collateral estoppel. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff's patient, Tonie Conaway, sustained injuries in a motor vehicle accident that occurred in June 2015, at which time Conaway was insured by defendant, State Farm. Starting about three and a half years after the accident, Conaway underwent four medical procedures at plaintiff's facility: two back surgeries (left SI joint fusion in December 2018 and right SI joint fusion in April 2019) and two wrist surgeries (left carpal tunnel release in February 2019 and right carpal tunnel release in March 2019). By assignments dated October 5, 2018 and November 16, 2018, Conaway assigned to plaintiff her claim for no-fault benefits to pay for plaintiff's facility services.

In January 2019, plaintiff filed this action in Oakland Circuit Court as Conaway's assignee, alleging breach of contract and violations of the no-fault act, MCL 500.3101 *et seq.*, for failure to pay PIP benefits for facility services it provided to Conaway. In September 2019, Conaway filed her own action in Macomb Circuit Court against defendant for failure to pay her no-fault PIP

-1-

benefits.[1]  Among her claims, Conaway sought reimbursement of physician fees for the surgeries performed at plaintiff's facility.

In August 2021, a jury trial was conducted on Conaway's claims.  Depositions of the physicians who performed the surgeries were presented as evidence.  The jury in Conaway's trial answered the pertinent questions on the verdict form as follows:

QUESTION NO. 1:  Did Tonie Conaway sustain an accidental bodily injury?

Answer:  yes . . .

QUESTION NO. 2:  Did Tonie Conaway's accidental bodily injury arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle on June 9, 2015?

Answer:  yes . . .

QUESTION No. 3:  Were allowable expenses incurred by or on behalf of Tonie Conaway arising out of the accidental bodily injury referred to in Question No. 2?

* * *

A. Answer: yes . . .

B. If your answer is "yes," what is the amount of allowable expenses owed to the plaintiff (include only expenses not already paid by the defendant)?

$0.

Thereafter, a judgment of no cause of action in favor of defendant was entered in Conaway's case.

In October 2022, plaintiff filed a motion in limine asking the trial court, under collateral estoppel and res judicata, to bar defendant from relitigating the issues of whether an accidental bodily injury was sustained by Conaway, and whether allowable expenses were incurred.  Plaintiff asserted that the only issue to be decided in the instant case was the reasonable and customary rate for the medical services plaintiff provided to Conaway.

Defendant responded, arguing that the jury in Conaway's case implicitly found that medical treatment provided to Conaway after June 2017, when defendant stopped paying no-fault benefits, was not related to injuries sustained in the accident—because the jury concluded that no allowable expenses were owed to Conaway, including the outstanding bills of the two surgeons who performed the surgeries in plaintiff's facility.  And, defendant argued, res judicata and collateral estoppel applied to the Conaway jury verdict to bar plaintiff's claim; thus, this matter should be dismissed.

---

[1] Motions to transfer and consolidate the actions were denied by both circuit courts.

The trial court held a hearing on plaintiff's motion, which the trial court decided was a motion for summary disposition, and allowed defendant to file a response and a countermotion. Defendant then moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10), repeating the arguments it made against plaintiff's motion.

The trial court issued an opinion and order dated November 9, 2023, denying plaintiff's motion for summary disposition, and granting summary disposition to defendant. Of plaintiff's motion for summary disposition, the trial court reasoned:

> Plaintiff is not entitled to summary disposition. The jury verdict was simply that Conaway suffered a bodily injury as a result of the use of a motor vehicle. The issues remaining for trial in this case are *not* limited to the reasonable charges for Plaintiff's services. Plaintiff must also prove that the services were "reasonably necessary" for Conaway's care, recovery, or rehabilitation.

Turning to defendant's motion, the trial court stated:

> State Farm is entitled to summary disposition pursuant to MCR 2.116(C)(7) (allowing summary disposition if a claim is barred by a prior judgment, i.e., res judicata). The jury found that Conaway was not entitled to any allowable expenses from State Farm. Plaintiff is bound by the jury's determination of this issue under the doctrine of collateral estoppel. . . .
>
> Plaintiff's claims are derivative of Conaway's. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 521; 895 NW2d 188[ ](2016) (if an injured party's no-fault act claim fails *substantively* on the merits, the service providers would have no claim against the insurer because their claims are derivative). Thus, Plaintiff is likewise barred from re-litigating the issue of whether Conaway (and Plaintiff) are owed allowable expenses from State Farm.

Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant a motion for summary disposition. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). A motion under MCR 2.116(C)(7) tests whether a claim is barred as a matter of law, including by a prior judgment. MCR 2.116(C)(7). In deciding that motion, the court accepts the contents of the complaint as true unless contradicted by documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). This Court also reviews de novo questions of law, including "the application of legal doctrines, such as res judicata and collateral estoppel." *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## III. DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

The trial court erred in granting defendant's motion for summary disposition because plaintiff was not in privity with Conaway with respect to the judgment that was entered in defendant's favor after the assignment.

As was the case in *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022), the issue in this case is whether plaintiff's action is precluded by the judgment against Conaway under the doctrines of res judicata or collateral estoppel. As that Court explained:

> Res judicata bars a second action on the same claim if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. Whereas res judicata involves preclusion of entire claims, collateral estoppel focuses on specific issues within an action. The elements of collateral estoppel are similar: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment, (2) the parties or privies must have had a full [and fair] opportunity to litigate the issue, and (3) there must be mutuality of estoppel. One of the critical factors in applying . . . collateral estoppel involves the determination of whether the respective litigants were parties or privy to a party to an action in which a valid judgment has been rendered.
>
> Thus, both res judicata and collateral estoppel apply only when the parties in the subsequent action were parties or privies of parties to the original action. [*Id*. at 282-283 (quotation marks, internal citations, and alterations omitted).]

In *Mecosta Co Med Ctr*, as in this case, the injured claimant had assigned to the medical-provider-plaintiffs his right to seek payment for their medical services from his no-fault insurer. *Id*. at 279. After the assignment, however, the injured claimant filed a lawsuit seeking PIP benefits for separate services he had received arising from the accident. *Id*. The medical-provider-plaintiffs were not parties in the injured claimant's first-party lawsuit and, while that suit was pending, the medical-provider plaintiffs filed a lawsuit to recover on the assigned claim. *Id*. at 280. The injured claimant's lawsuit was ultimately dismissed after the trial court held that he had not properly insured the vehicle, and thus, was not entitled to PIP benefits. *Id*. at 280-281. The no-fault insurers then argued that the medical-provider-plaintiffs were precluded under the doctrines of res judicata or collateral estoppel from prevailing on the assigned claim. *Id*. at 281. Our Supreme Court disagreed, holding that the medical-provider-plaintiffs were neither parties nor privies to parties in the injured claimant's lawsuit. *Id*. at 279-280. Simply stated, the judgment that was entered *after* the assignment did not bind the medical-provider-assignees because they were not in privity with the injured claimant, i.e., the assignor, with respect to that subsequently entered judgment. *Id*. at 285, 290.

In this case, Conaway assigned to plaintiff her right to seek payment for plaintiff's medical services from her no-fault insurer. The assignments occurred in 2018. In January 2019, plaintiff filed this lawsuit to recover on the assigned claim. In September 2019, Conaway filed her own lawsuit for other no-fault benefits she was allegedly entitled to recover and plaintiff was not a party to that lawsuit. While plaintiff's case was pending, Conaway's case progressed to a jury trial. The jury verdict included that Conaway sustained an accidental bodily injury and allowable expenses were incurred; but, the jury held that no allowable expenses were owed to plaintiff, i.e., the allowable expenses had been paid by defendant. Thereafter, a judgment of no cause of action in favor of defendant was entered in Conaway's case. And defendant sought to preclude plaintiff's claim that allowable expenses were owed under the doctrines of res judicata or collateral estoppel.

-4-

The trial court agreed with defendant and granted its motion for summary disposition, holding that plaintiff "is bound by the jury's determination on this issue under the doctrine of collateral estoppel." The trial court was mistaken because plaintiff was neither a party in Conaway's case nor in privity with Conaway with respect to the judgment that was entered *after* the assignment. See *Mecosta Co Med Ctr*, 509 Mich at 285, 290. It is a longstanding principle of law that, in this state, an assignee is in privity with the assignor only up to the time of the assignment and not thereafter. See, e.g., *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 43; 191 NW2d 313 (1971). Accordingly, the trial court erred in granting defendant's motion for summary disposition on the ground that plaintiff's claim was precluded as a consequence of the judgment that was entered after the assignment.

Further, we reject the trial court's alternative basis for granting defendant's motion for summary disposition, i.e., that plaintiff's claims are derivative of Conaway's so plaintiff is barred from re-litigating the issue whether either Conaway or plaintiff are owed allowable expenses. The trial court relied on the case of *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 521; 895 NW2d 188 (2016), to support its ruling but that case is inapposite. In that case, two service providers intervened as plaintiffs in a lawsuit brought by three automobile accident victims who were seeking to recover PIP benefits. *Id*. at 519. However, the claims of the accident victims were ultimately dismissed with prejudice for failure to comply with discovery orders and obligations. *Id*. at 519-520. The defendant insurer then sought to dismiss the claims of the service providers— who were parties in the same lawsuit. *Id*. at 520. And the insurer's motion for dismissal was granted. *Id*. That case is clearly factually distinguishable from the facts of this case. Here, plaintiff was not a party in Conaway's lawsuit but filed its own lawsuit in a different court after receiving an assignment of rights from Conaway. Accordingly, the trial court erred in granting defendant's motion for summary disposition on the alternative ground that plaintiff's claim is "derivative" of Conaway's, and thus, precluded by the judgment in Conaway's lawsuit.

## IV. PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION

The trial court erred in denying plaintiff's request to narrow the issues under collateral estoppel, but this narrowing cannot include whether plaintiff's services were causally linked to the accident.

As a party to the Conaway case, defendant is potentially bound by the determinations of that jury. Specifically, the jury found (1) Conaway sustained an accidental bodily injury, (2) Conaway's accidental bodily injury arose out of "the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle on June 9, 2015," and (3) there were allowable expense incurred arising out of the accidental bodily injury.

Because plaintiff argues for the defensive use of collateral estoppel, it is relieved from the mutuality requirement if defendant already had a full and fair opportunity to litigate the issues. See *Monat v State Farm Ins Co*, 469 Mich 679, 680-681, 691-692, 695; 677 NW2d 843 (2004). Assessing whether defendant had a full and fair opportunity to litigate whether Conaway suffered a bodily injury from the June 9, 2015 motor vehicle accident and incurred allowable expenses arising from that bodily injury, we consider the following circumstances: (1) the two actions are closely related; (2) no factual, law, or procedural changes merit a new determination; (3) because plaintiff's suit was filed before Conaway's and ongoing at the time of the Conaway trial, it was

foreseeable these issues would arise in the instant case; and (4) because these fundamental issues establish the potential for defendant's liability for expenses related to the accident, defendant had an incentive to obtain a full and fair adjudication of the issues during the Conaway trial. See *id*. at 683-684 n 2. Considering these factors, collateral estoppel binds defendant to the jury findings that Conaway suffered a bodily injury from the June 9, 2015 motor vehicle accident, from which allowable expenses were incurred, and the trial court erred in not granting plaintiff's request to narrow the issues in the instant case accordingly.

However, plaintiff also contends this application of collateral estoppel reduces the issues for litigation to what is a reasonable and customary fee for its services. We disagree.

MCL 500.3105(1) generally imposes two threshold causation requirements for PIP benefits: (1) an insurer is liable only if benefits are "*for* accidental bodily injury," and that means there must be a causal connection, i.e., benefits are only payable to the extent "the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident;" and (2) the accidental bodily injury must be caused by the insured's use of the motor vehicle. *Douglas v Allstate Ins Co*, 492 Mich 241, 257; 821 NW2d 472 (2012) (quotation marks and citation omitted). MCL 500.3107(1) states, in pertinent part: "[P]ersonal protection insurance benefits are payable for . . . [a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1). Thus, an allowable expense is an expense that is reasonably necessary for the injured person's care, recovery, or rehabilitation—with regard to the accidental bodily injury caused by the accident. See MCL 500.3107(1); *Douglas*, 492 Mich at 257.

The Conaway jury's finding that Conaway sustained an accidental bodily injury arising from the accident and that allowable expenses were incurred does not speak to the issue whether the specific benefits sought by plaintiff here were "allowable expenses." More particularly, the jury's finding did not specifically address the issue whether the benefits sought by plaintiff were *for* the accidental bodily injury—that the requisite causal connection existed such that PIP benefits were payable for the medical services rendered by plaintiff. That Conaway incurred allowable expenses does not mean that every medical expense incurred is for the accidentally bodily injury caused by the accident. Accordingly, the proper narrowing of issues under collateral estoppel does not include that the requisite causal connection existed between Conaway's accidental bodily injury and plaintiff's fees for use of its facility; rather, that is for plaintiff to prove.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Allie Greenleaf Maldonado